In the Matter of the Estate of ABRAHAM L. KELLOGG, Deceased. CENTRAL SCHOOL DISTRICT NO. 1 OF THE TOWNS OF DELHI, KORTRIGHT, MEREDITH, FRANKLIN, HAMDEN and BOVINA, DELAWARE COUNTY, Appellant; KATHERINE B. KELLOGG et al., Respondents.

Third Department, February 24, 1970.

*Robert J. McKeegan* (*Paul F. Eaton* and *Carl J. Mugglin* of counsel), for appellant.

*Dewey, Ballantine, Bushby, Palmer & Wood* (*David E. Watts, William B. Warren* and *Burton Sueskind* of counsel), for Katherine B. Kellogg, respondent.

*Frank W. Getman* for Abraham L. Kellogg Foundation, Inc., respondent.

*Seybolt & Seybolt* for Hartwick College, respondent.

*Harrington & Silvernell* for Wilber National Bank, respondent.

*Louis J. Lefkowitz, Attorney-General* (*Thomas Burke, Ruth Kessler Toch* and *Walter S. Stedman* of counsel), for charitable beneficiaries.

SWEENEY, J. This is an appeal from a decree of the Surrogate's Court of Otsego County, entered July 18, 1969, which denied petitioner's application to reopen a decree of October 23, 1951, and from a decree of the Surrogate's Court of Otsego County, entered August 20, 1969, which held that the question as to whether petitioner was presumptively entitled to one half of the remainder under paragraph Twenty-Fourth of decedent's will was premature and which, pursuant to paragraph Twenty-Third of said will, ordered payment of $15,000 to petitioner for investment, the income therefrom to be expended in a manner specified by the court.

Abraham L. Kellogg died in 1946, leaving a will which was duly admitted to probate, whereby the following trust was provided:

" TWENTY-THIRD: The cash which is turned over to said Trustee by my said Executor shall be carefully invested for the purpose of realizing income, and all income which shall be received by my said Trustee of every name, nature and description shall be paid to my son Lincoln L. Kellogg during the term of his natural life, and to Katherine Brooks Kellogg during the term of her natural life, except that if the death of Lincoln L. Kellogg precedes that of Katherine Brooks Kellogg, my said Trustee is hereby authorized and directed to pay to Hartwick College the sum of Fifteen thousand ($15,000.00) dollars, the same to be carefully invested, the income of which is to be used for sustaining scholarships to worthy students attending said College, and to the Abraham L. Kellogg Central School at Treadwell, New York, the sum of Fifteen thousand ($15,000.00) dollars, which shall be carefully invested; and the income of which shall be used for the upkeep of the athletic field, for income to reduce taxation, and to maintain the Abraham L. Kellogg Central School Prizes.

" The Board of Trustees of said School are hereby authorized, should they deem it advisable, to use it to increase the sums given for school prizes as they are at that time in existence.

" TWENTY-FOURTH: When both Lincoln L. Kellogg and Katherine Brooks Kellogg shall be dead, I hereby direct that my Trustee aforesaid, the Citizens National Bank & Trust Company of Oneonta, New York, shall first pay to the First Presbyterian Church of Oneonta, New York, the sum of One thousand ($1,000.00) dollars, which shall be a memorial gift in honor and memory of May B. Kellogg and divide the balance equally between Hartwick College and the Abraham L. Kellogg Central School at Treadwell, New York."

Petitioner is the successor to the Abraham L. Kellogg Central School, having been recentralized and consolidated with another central school district by order of the Commissioner of Education in 1967. In 1969 Lincoln L. Kellogg died, and the present proceeding was thereafter commenced, seeking: (1) a determination that petitioner is entitled to $15,000 under paragraph Twenty-Third of the will, quoted above; (2) a decree that petitioner is presumptively entitled to one half of the remainder under paragraph Twenty-Fourth upon the death of Katherine Brooks Kellogg; and (3) reopening a decree dated October 23, 1951 which ordered the trustee to pay income to Lincoln Kellogg for life and upon his death prior to Katherine, all income to

Katherine for life. The proceeding was thereafter severed, and the issue pertaining to the request to reopen the October, 1951 decree was tried before Acting Surrogate LOOMIS, who held that the decree was final and conclusive as to all parties and denied the application. The petitioner contends that the only proceeding in the estate in which the issue of how the income from the trust should be paid was a construction proceeding brought by the trustee named in the will which was voluntarily discontinued, and consequently has no binding effect. The proceeding which resulted in the October, 1951 decree was brought by the trustee to account and resign. Petitioner maintains that the issue was not raised in that proceeding.

The petitioner is desirous of opening the October, 1951 decree to obtain an interpretation from the court as to the proper method of payment of income to the income beneficiaries. It must be kept in mind that the 1951 decree was the culmination of a series of proceedings, coupled with extensive negotiations, resulting in agreements and in the ultimate decree. All parties to the present litigation were present and represented during the 1951 proceedings. Prior to the entry of an order to discontinue the construction proceeding involving this particular issue, it was stated on the record that the income was to be paid to Lincoln Kellogg for his lifetime and on his death, if she survived him, to Katherine Brooks Kellogg for her lifetime, and then to be distributed. No one questioned or objected to this statement. It was so ordered in the October, 1951 decree. This would seem proper under the circumstances, since it was one of the problems resolved by the parties prior to entering the decree. There is no doubt that if any of the parties disagreed with the result at that time they could have objected. This is precisely the same issue which the parties seek to litigate at the present time. From the time that the October, 1951 decree was entered, and up to the time this issue was raised by the present proceeding, all parties have abided by the provisions of the decree and acted pursuant thereto, including the provisions whereby all income was to be paid to Lincoln Kellogg during his lifetime. Therefore, on this record, it is our conclusion that the parties to the 1951 litigation are now estopped from raising this same issue again. (See *Schwartz* v. *Public Administrator of County of Bronx*, 24 N Y 2d 65.)

Surrogate BOOKHOUT held that a valid charitable gift in trust for education was created by the will and directed that the bequest of $15,000 payable under paragraph Twenty-Third be paid to petitioner to be invested by the Board of Education and the income used: (1) for the upkeep of the athletic field used

in conjunction with the Kellogg School; (2) for maintenance of the school prizes with authority to increase the sums given for these prizes if the board deems it advisable; and (3) any surplus income remaining, for reduction of school taxes assessed against the former school district.

The primary object of all construction proceedings is to ascertain the intention of the testator, and all rules of interpretation are subordinate to. this goal. (*Matter of Larkin*, 9 N Y 2d 88.)

An examination of the will in question clearly reveals that the intention of the testator was to benefit the Abraham L. Kellogg Central School in a specific manner. This is precisely the effect of the trial court's decision and we believe it to be a proper one. The school is now administered by petitioner, and is an elementary school, rather than the former combination elementary, junior and senior high school. These changes are not such as would defeat the intended purpose of the testator. Pursuant to section 1804 (subd. 5, par. b) of the Education Law, the petitioner succeeds to all .of the property rights of the Abraham L. Kellogg Central School. The athletic field is still in existence, although used by the elementary school. It is still possible to use funds appropriately for tax reduction and for the awarding of prizes for the Abraham L. Kellogg Central School. The latter can be accomplished not only by awarding prizes to the elementary school students, but also to high school students who reside in the jurisdiction of the original school. The petitioner, however, maintains that the trial court erroneously applied the cy pres doctrine and should have paid the $15,000 directly to petitioner with no instructions as to income distribution. With this contention we do not agree. Since it is still possible to carry out the testator's intention, and the trial court's decision does exactly that (see *Matter of Boasberg*, 51 Misc 2d 684, affd. 30 A D 2d 638), we see no useful purpose in speculating on what course the trial court pursued in arriving at its proper decision.

Finally, Surrogate BOOKHOUT refused to entertain the question as to whether petitioner is presumptively entitled to payment of one half of the remainder under paragraph Twenty-Fourth of the will, holding that it is premature. With this determination we also agree.

The decrees should be affirmed.

HERLIHY, P. J., STALEY, JR., GREENBLOTT and COOKE, JJ., concur.

Decrees affirmed, with costs to respondents filing briefs payable out of the estate. Settle order.