OPINION OF THE COURT
Rockwell D. Colaneri, J.
The plaintiff has brought this small claims action against the defendant insurance company for recovery of an unpaid claim under a homeowner’s policy. Plaintiff alleges that after a snowstorm, a large amount of snow rested upon the eaves of her house, causing them to pull away. The eaves had to be replaced at a cost of $1,450.
The defendant has invoked paragraph 9 of part 1 of the homeowner’s policy in rejecting said claim. Such paragraph states in pertinent part: “We do not cover loss or damage to the property designated in the Dwelling Protection Coverage resulting directly or indirectly from: wear and tear; marring; scratching; deterioration; inherent vice; latent defect; mechanical breakdown.”
At trial, the defendant introduced the testimony of Arthur Schomber, a professional engineer. He testified that the construction of the eaves, which was an addition to the house, was faulty in that there were not enough nails used in the support beams and the ones used were placed as much as 44 inches apart. His conclusion was that the eaves were improperly attached to the house.
In 80 Broad St. Co. v United States Fire Ins. Co. (88 Misc 2d 706), the insured seeked to recover a claim for loss *366 sustained as a result of the buckling of a marble facing on a building due to the combination of rain, frost, moisture seepage, rust and corrosion as well as the original improper construction of the building itself. The court held that such causes came within the policy’s exclusions for wear and tear, deterioration, rust or corrosion, mould, wet or dry rot and inherent or latent defects.
The court finds that the improper construction of the eaves must be considered a latent defect, thereby excluding coverage under the policy. A latent defect within the meaning of a policy exclusion is an imperfection in the material used. (Plaza Equities Corp. v Aetna Cas. & Sur. Co., 372 F Supp 1325.) It has also been defined as a defect that is hidden or concealed from knowledge as well as from sight and which a reasonable customary inspection would not reveal. (Walker v Travelers Ind. Co., 289 So 2d 864 [La].) Although such case is not binding upon this court, it will be considered because of the limited number of reported New York cases in this area.
Accordingly, it is this court’s opinion that the faulty construction of the eaves falls within the definition of a latent defect thereby excluding coverage under the homeowner’s policy. Judgment is found for the defendant, dismissing the plaintiff’s complaint, no costs.