■ In the Matter of the Estate of ABRAHAM L. KELLOGG, Deceased. DELHI CENTRAL SCHOOL DISTRICT, Respondent; DAVID E. WATTS, as Executor of KATHERINE B. KELLOGG, Deceased, Appellant.—Mercure, J. Appeal from a decree of the Surrogate's Court of Otsego County (Kepner, Jr., S.), entered July 3, 1987, which, inter alia, determined that petitioner was entitled to a one-half remainder interest in a trust created in decedent's last will and testament.

Abraham L. Kellogg (hereinafter decedent) died in 1946 leaving a last will and testament and codicil which were duly admitted to probate. The codicil ratified and confirmed paragraphs 23 and 24 of the will, which provide as follows:

" "TWENTY-THIRD: The cash which is turned over to said Trustee by my said Executor shall be carefully invested for the purpose of realizing income, and all income which shall be received by my said Trustee of every name, nature and description shall be paid to my son Lincoln L. Kellogg during the term of his natural life, and to Katherine Brooks Kellogg during the term of her natural life, except that if the death of Lincoln L. Kellogg precedes that of Katherine Brooks Kellogg, my said Trustee is hereby authorized and directed to pay to Hartwick College the sum of Fifteen thousand ($15,000.00) dollars, the same to be carefully invested, the income of which is to be used for sustaining scholarships to worthy students attending said College, and to the Abraham L. Kellogg Central School at Treadwell, New York, the sum of Fifteen thousand ($15,000.00) dollars, which shall be carefully invested, and the income of which shall be used for the upkeep of the athletic field, for income to reduce taxation, and to maintain the Abraham L. Kellogg Central School Prizes.

"The Board of Trustees of said School are hereby authorized, should they deem it advisable, to use it to increase the sums given for school prizes as they are at that time in existence.

"TWENTY-FOURTH: When both Lincoln L. Kellogg and Katherine Brooks Kellogg shall be dead, I hereby direct that my Trustee aforesaid, the Citizens National Bank & Trust Company of Oneonta, New York, shall first pay to the First Presbyterian Church of Oneonta, New York, the sum of One thousand ($1,000.00) dollars, which shall be a memorial gift in honor and memory of May B. Kellogg and divide the balance equally between Hartwick College and the Abraham L. Kellogg Central School at Treadwell, New York."

Lincoln K. Kellogg died in 1969 and a proceeding was thereafter commenced by Central School District No. 1 of the Towns of Delhi, Kortright, Meredith, Franklin, Hamden and Bovina (hereinafter District No. 1)[1] seeking: (1) a determina-

---

1. At the time of decedent's death, the Abraham L. Kellogg School was operated by Central School District No. 6 of the Towns of Franklin and Meredith. In 1967, the district in which the Abraham L. Kellogg School was situated was incorporated with surrounding districts to form District No. 1. In 1973, the name of District No. 1 was changed pursuant to Education Law

tion that District No. 1 is entitled to $15,000 under paragraph 23 of the will, and (2) a decree that District No. 1 is presumptively entitled to one half of the remainder under paragraph 24 upon the death of Katherine Brooks Kellogg.

Surrogate's Court determined that District No. 1 was the successor in interest to the Abraham L. Kellogg School (hereinafter Kellogg School) for purposes of the $15,000 bequest but expressly refused to entertain the question as to whether District No. 1 was presumptively entitled to payment of one half the remainder under paragraph 24 of the will, holding that such a determination would be premature. An appeal ensued and this court affirmed *(Matter of Kellogg,* 33 AD2d 388).

Katherine Brooks Kellogg died in 1986, prompting Delhi Central School District (hereinafter Delhi Central) to petition Surrogate's Court, asserting a claim to the one-half remainder interest of the trust created under paragraph 24. Surrogate's Court determined that the doctrine of collateral estoppel precluded the estate of Katherine Brooks Kellogg (hereinafter the estate) from challenging the 1969 decision of Surrogate's Court which held that District No. 1 was the successor in interest to the Kellogg School. We reach a different conclusion.

The doctrine of collateral estoppel, intended to reduce litigation and conserve the resources of the court and of litigants, is based upon the concept that it is not fair to permit a party to relitigate an issue already decided against it. It is well established that for the doctrine to be invoked, two requirements must be satisfied. "First, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination" *(Kaufman v Lilly & Co.,* 65 NY2d 449, 455 [citations omitted]). The party seeking the advantage of the doctrine, here Delhi Central, bears the burden of demonstrating the identify of the issues in the present litigation and the prior determination, whereas the party endeavoring to defeat its application bears the burden of substantiating the absence of a full and fair opportunity to litigate the issue in the prior action *(see, supra,* at 456; *Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 73).

Delhi Central averred and Surrogate's Court determined

§ 315 to Delhi Central School District. The Abraham L. Kellogg School still exists but is now operated as an elementary school.

that the isolated issue in both proceedings is whether Delhi Central (formerly District No. 1) is successor in interest to the Kellogg School. We disagree. The court's determination in the 1969 proceeding was not that District No. 1 was the successor to the Kellogg School for the purposes of any and all bequests. Rather, it applied the doctrine of cy pres (see, EPTL 8-1.1) to the specific language of paragraph 23 and determined that the changes brought about by the 1967 consolidation were not such as would defeat the identified purposes of the testator therein, i.e., the upkeep of the athletic field, the reduction of taxes and the maintenance of the Kellogg School Prizes. Because of possible changes in Delhi Central and its relationship with the Kellogg School, the doctrine of cy pres should again be utilized to determine whether decedent's intent can still be effectuated, particularly in view of the lack of specificity in paragraph 24, which makes an unrestricted gift. The doctrine of collateral estoppel cannot be invoked to prevent a party from litigating an issue which has never been adjudicated (see, Capital Tel. Co. v Pattersonville Tel. Co., 56 NY2d 11).

We also disagree with the determination of Surrogate's Court that the estate had a full and fair opportunity to litigate the issues at the 1969 proceeding. Katherine Brooks Kellogg was specifically precluded from introducing evidence regarding paragraph 24 of decedent's will, and any consideration of paragraph 24 was deemed premature. In considering whether a party has had a full and fair opportunity to litigate, a court may consider such factors as the vigor of the defense in the first proceeding and any variance in the size of the claim in each proceeding [2] (B. R. De Witt, Inc. v Hall, 19 NY2d 141, 148; Siegel, NY Prac § 467). Katherine Brooks Kellogg had neither the opportunity nor the incentive in 1969 to litigate whether District No. 1 could be deemed a presumptive remainderman of the Kellogg trust. Application of the doctrine of collateral estoppel under the circumstances of this case would violate basic notions of fairness (see, Schwartz v Public Adm'r of County of Bronx, supra; Read v Sacco, 49 AD2d 471, 473-474).

Decree reversed, on the law, with costs, and matter remitted to the Surrogate's Court of Otsego County for further proceed-

---

**2.** The 1969 proceeding concerned a $15,000 bequest whereas the remainder interest had a fair market value as of July 3, 1987 of more than $13 million.

ings not inconsistent with this court's decision. Mahoney, P. J., Weiss, Levine, Harvey and Mercure, JJ., concur.