OPINION OF THE COURT
William H. Keniry, J.
Plaintiff has initiated this action against defendants State Farm Mutual Insurance Company (State Farm) and Anthony Morini, doing business as A. & V. Morini (Morini), seeking damages based upon defendant State Farm’s alleged breach of the provisions of a homeowner’s insurance policy and defendant Morini’s alleged negligence and breach of contract in the *457 performance of certain masonry and general contracting work.
This action stems from acts occurring during the construction of a single-family home at 7 Maplehurst Drive, Troy, New York. Plaintiff was the owner of the property and was acting as his own general contractor. On October 4, 1983, State Farm issued a standard all-risk homeowner’s policy covering the dwelling which was then under construction. Plaintiff hired defendant Morini to pour the foundation and erect the basement walls. This work was performed in late October to early November 1983. Some three weeks later, plaintiff noticed cracks in the floor and walls. Construction of the home proceeded. On March 26, 1984, plaintiff filed a written claim with State Farm seeking recovery under the homeowner’s policy for the structural damage to the foundation and basement walls caused by construction defects allegedly stemming from the work performed by Morini. State Farm disclaimed coverage upon the ground that the defects and damage complained of were excluded from coverage. This action was thereafter commenced.
Following the completion of discovery, plaintiff now moves for summary judgment on its cause of action against defendant State Farm on the issue of coverage. Plaintiff contends that, as the result of the decision in the State of Illinois in the action of Mattis v State Farm Fire & Cas. Co. (118 Ill App 3d 612, 454 NE2d 1156), State Farm is collaterally estopped from contesting its liability to plaintiff under the homeowner’s policy. Defendant State Farm opposes the motion and cross-moves for summary judgment seeking dismissal of plaintiff’s complaint on the ground that, as a matter of law, the plaintiff’s alleged losses are excluded from coverage under the terms of the homeowner’s policy.
The primary issue framed for the court’s disposition appears to have significant ramifications in the construction and insurance fields. That is, whether certain defects allegedly resulting from the construction of a residence can be covered by a standard all-risk homeowner’s policy as "risks of physical loss to the property”. State Farm contends that such construction defects are specifically excluded by the policy’s pertinent language which excepts losses caused by "latent defects * * * [or] settling, cracking, shrinking, bulging or expansion of pavements, patios, foundations, walls, floor, roofs or ceilings”.
The evidence presented on this motion leaves little doubt *458 that the structural problems claimed by plaintiff stem from defendant Morini’s alleged defective performance of his subcontract. An expert engineer was retained by plaintiff to conduct a structural inspection of the dwelling shortly after the problems surfaced. The engineer concluded that the cracks found in the foundation walls, basement floor, garage floor and stairway were structural in nature and were the result of inadequate or improper design or construction. He found that the primary causes of the damage were the nonuniform settlement of the footings and the differential expansion and contraction of the footings. Both of these causes, according to the expert, stemmed from the lack of adequate concrete reinforcement, the failure to provide expansion and contraction joints, nonuniform concrete thickness and improperly prepared subgrade soil. The plaintiff’s expert found no evidence of water damage or defects in the construction materials themselves.
The defendant State Farm also retained an expert who examined the house after some of the damage was repaired. While disputing the extent of the damage claimed, he concurred in the conclusion that the foundation cracks were due to footing settlement, insufficient concrete thickness and inadequate subbase soil compaction.
With this factual underpinning, plaintiff contends that Mattis (supra) is dispositive and estops State Farm from contesting its liability to plaintiff under the terms of its all-risk homeowner’s policy. The doctrine of collateral estoppel precludes a party from relitigating "an issue which has previously been decided against him in a proceeding in which he had a fair opportunity to fully litigate the point” (Gilberg v Barbieri, 53 NY2d 285, 291). The doctrine is intended to reduce litigation and conserve the resources of the court and litigants (Matter of Kellogg; 138 AD2d 799). To invoke the doctrine, two requirements must be fulfilled. "First, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination” (Kaufman v Lilly & Co., 65 NY2d 449, 455). A review of case law indicates that collateral estoppel generally involves a prior determination of an issue of fact and does not apply to "an unmixed question of law” (Matter of McGrath v Gold, 36 NY2d 406, 411).
Although plaintiff relies upon collateral estoppel, it is the *459 principle of comity, not collateral estoppel, which applies to this case. Judicial comity has been defined as "The principle in accordance with which the courts of one state or jurisdiction will give effect to the laws and judicial decisions of another, not as a matter of obligation, but out of deference and respect” (Black’s Law Dictionary 242 [5th ed 1979]). "The doctrine of comity 'is not a rule of law, but one of practice, convenience and expediency’ (Mast, Foos & Co. v Stover Mfg. Co., 177 US 485, 488). It does not of its own force compel a particular course of action. Rather, it is an expression of one State’s entirely voluntary decision to defer to the policy of another (Zeevi & Sons v Grindlays Bank [Uganda], 37 NY2d 220, cert den 423 US 866)” (Ehrlich-Bober & Co. v University of Houston, 49 NY2d 574, 580).
In light of the above principles, the court has carefully considered the Mattis (supra) decision. One of the crucial issues presented in this case is whether or not a construction defect falls within the policy exclusion of "latent defect”. The Illinois appellate court in Mattis (supra) affirmed, as a matter of law, the decision of the trial court that it does not (454 NE2d, supra, at 1162). The court concluded that an all-risk homeowner’s policy would provide coverage in Illinois for damages caused by inadequate or improper design or construction since that particular cause was not specifically excluded or excepted. The court will not give comity to the Mattis (supra) holding. There is no basis to defer to the decision of a sister State in a matter of local concern such as this (see, 29 NY Jur 2d, Courts and Judges, § 493). Indeed, the Illinois court, in Mattis (supra), itself rejected a seemingly contrary lower New York court decision on the issue. The court denies the plaintiff’s motion for summary judgment, without costs.
In considering the merits of State Farm’s cross motion, the court must decide whether the loss alleged by the plaintiff is excluded from coverage under the homeowner’s policy as either a "latent defect” or as the result of "settling, cracking, shrinking, bulging or expansion of * * * foundation, walls, floor” as set forth in State Farm’s first affirmative defense. Plaintiff contends that the home’s basement walls, basement floor, garage floor, footings and basement stairs were damaged. The primary cause of such damage was classified by plaintiff’s own expert as the "non-uniform settlement of footings” due to the lack of concrete reinforcement, lack of expansion and contraction joints, nonuniform concrete thickness and improper preparation of the subgrade soil.
*460 Thus, it is apparent that the "non-uniform settlement of footings” stemmed, in whole or in part, from alleged improper or defective workmanship on the part of defendant Morini which was not discovered by the plaintiff, acting as general contractor, in time to remedy Morini’s performance. The court holds that, under these circumstances, such construction defects constitute latent defects which are excluded from coverage under the policy (80 Broad St. Co. v United States Fire Ins. Co., 88 Misc 2d 706, affd 54 AD2d 888; Luttenberger v Allstate Ins., 122 Misc 2d 365). To hold otherwise, particularly in this case where the plaintiff was the party in direct control of Morini’s performance, would impose an enormous burden upon State Farm to continually inspect an ongoing construction project for defects. Responsibility for latent defects in residential construction properly rests upon the contractor (see Caceci v Di Canio Constr. Corp., 72 NY2d 52). In this case, plaintiff supplied the specifications and selected Morini to perform the foundation work. It was thus plaintiff’s duty to insure that the work was adequately and properly performed. Summary judgment dismissing the plaintiff’s complaint against defendant State Farm is warranted on the record now before the court.
The defendant State Farm’s cross motion for summary judgment is granted, without costs, and the plaintiff’s complaint against defendant State Farm is dismissed.