■ PAUL TELESCO et al., Appellants, v PHILIP BATEAU, Individually and/or Doing Business as PHIL'S JANITORIAL SERVICE, Respondent, and AMERICAN RED CROSS, GREATER

BUFFALO CHAPTER, Third-Party Defendant-Respondent. [749 NYS2d 811] —Appeal from an order of Supreme Court, Erie County (Whelan, J.), entered September 25, 2001, which, inter alia, granted the cross motions of defendant and third-party defendant for leave to amend their respective answers to assert the affirmative defense of collateral estoppel.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motions of defendant and third-party defendant seeking to preclude plaintiffs, by operation of collateral estoppel, from alleging that plaintiff Paul Telesco sustained a back injury and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Paul Telesco (plaintiff) in a work-related accident in March 1994. Defendant, Philip Bateau (Bateau), individually and/or doing business as Phil's Janitorial Service, commenced a third-party action seeking indemnification from plaintiff's employer, the American Red Cross, Greater Buffalo Chapter (Red Cross). Contrary to plaintiffs' contention, Supreme Court did not abuse its discretion in granting the cross motions of Bateau and the Red Cross for leave to amend their respective answers to assert the affirmative defense of collateral estoppel. We agree with plaintiffs, however, that the court erred in granting the motions of Bateau and the Red Cross seeking to preclude plaintiffs, by operation of collateral estoppel, from alleging that plaintiff sustained a back injury. Contrary to the contention of Bateau and the Red Cross, the February 1998 determination of the Workers' Compensation Board (Board) that there was "no causal related back injury" is not entitled to collateral estoppel effect. At the time of the accident in March 1994, plaintiff was receiving disability benefits for a back injury sustained in a work-related accident in February 1989. After the March 1994 accident, he filed a workers' compensation claim alleging that he injured his knee and aggravated his back injury as a result of the March 1994 accident. The Board's February 1998 determination merely resolved a dispute between insurance carriers over the apportionment of plaintiff's workers' compensation award (*see Matter of Meszaros v Goldman*, 307 NY 296, 300; *Matter of Anderson v Babcock & Wilcox Co.*, 256 NY 146, 149; *Matter of McCloskey v Marriott Corp.*, 290 AD2d 671) and did not affect the amount of that award. Plaintiff had no stake in the Board's determination, and we conclude that "[a]pplication of the doctrine of collateral estoppel under the circumstances of this case would violate basic notions of fairness" (*Matter of Kellogg*, 138

AD2d 799, 802; *cf. Sheppard v Blitman/Atlas Bldg. Corp.*, 288 AD2d 33, 34; *see generally* Siegel, NY Prac § 462, at 743 [3d ed]). We therefore modify the order by denying the motions of Bateau and the Red Cross seeking to preclude plaintiffs, by operation of collateral estoppel, from alleging that plaintiff sustained a back injury.

Finally, the court properly denied plaintiffs' cross motion seeking to disqualify the law firm representing Bateau. Plaintiffs sought disqualification on the ground that a partner in that law firm formerly was associated with the law firm that represented plaintiff at the workers' compensation hearing. Bateau established that the partner did not have "any opportunity to acquire confidential information in [his] former employment" (*Kassis v Teacher's Ins. & Annuity Assn.*, 93 NY2d 611, 617). Present—Wisner, J.P., Hurlbutt, Scudder, Gorski and Lawton, JJ.