Lynch v Preferred Mut. Ins. Co. (2021 NY Slip Op 02958)





Lynch v Preferred Mut. Ins. Co.


2021 NY Slip Op 02958


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1034 CA 20-00258

[*1]RYAN LYNCH, PLAINTIFF-RESPONDENT-APPELLANT,
v
PREFERRED MUTUAL INSURANCE COMPANY, DEFENDANT-APPELLANT-RESPONDENT. 






COSTELLO, COONEY & FEARON, PLLC, CAMILLUS (ERIN K. SKUCE OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT. 
LONGSTREET & BERRY, LLP, FAYETTEVILLE (MICHAEL J. LONGSTREET OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an amended order of the Supreme Court, Oswego County (Gregory R. Gilbert, J.), entered February 5, 2020. The amended order denied the motion of defendant for summary judgment and the cross motion of plaintiff for partial summary judgment. 
It is hereby ORDERED that the amended order so appealed from is unanimously modified on the law by granting defendant's motion, dismissing the complaint, and granting judgment on the counterclaim in favor of defendant as follows:
It is ADJUDGED and DECLARED that defendant is not obligated to provide coverage for the losses alleged in plaintiff's complaint,
and as modified the amended order is affirmed without costs.
Memorandum: Plaintiff, the holder of a homeowner's insurance policy issued by defendant, commenced this action alleging that defendant wrongfully disclaimed coverage for damage to his home and seeking a money judgment. Defendant answered, asserting affirmative defenses and a counterclaim seeking a declaratory judgment, and thereafter moved for summary judgment dismissing the complaint and entering judgment in defendant's favor on the counterclaim. Plaintiff cross-moved for partial summary judgment with respect to the affirmative defenses and counterclaim. Defendant now appeals and plaintiff cross-appeals from an amended order that, in relevant part, denied the motion and cross motion.
We agree with defendant that Supreme Court erred in denying its motion. Specifically, we conclude that defendant met its initial burden on its motion by establishing as a matter of law that plaintiff's loss is excluded from coverage because it resulted from a design defect constituting "inherent vice" or "latent defect" within the meaning of the policy, and plaintiff failed to raise an issue of fact in opposition. "A latent defect within the meaning of a policy exclusion is an imperfection in the material used . . . It has also been defined as a defect that is hidden or concealed from knowledge as well as from sight and which a reasonable customary inspection would not reveal" (Luttenberger v Allstate Ins. , 122 Misc 2d 365, 366 [Dist Ct, Suffolk County 1984]; see St. John Fisher Coll. v Continental Corp. , 184 AD2d 1063, 1063 [4th Dept 1992], lv denied 80 NY2d 761 [1992]). "[I]nherent vice" is defined as "[a] property or good's defect, hidden or obvious, that causes or contributes to damage suffered by the property or good" (Black's Law Dictionary 1877 [11th ed 2019]). Here, defendant met its initial burden on its motion by submitting the expert affidavit of a professional engineer, who inspected the home and opined that the bulging of the walls in the living room was "likely the result of rafter spread due to an inherent pre-existing design defect relating to the construction of the vaulted ceiling and wall structure in the living room when the residence was constructed approximately 25 years" earlier, an opinion that was consistent with the opinion of plaintiff's engineer.
In opposition to the motion, plaintiff failed to raise a triable issue of fact (see generally Zuckerman v City of New York , 49 NY2d 557, 562 [1980]).
For the foregoing reasons, we also reject plaintiff's contention that the court erred in denying his cross motion.
Therefore, we modify the amended order by granting defendant's motion, dismissing the complaint, and granting judgment on the counterclaim in favor of defendant by adjudging and declaring that defendant is not obligated to provide coverage for the losses alleged in plaintiff's complaint.
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court