■ DAVID SKY, Appellant, v KALMAN R. KAHAN-FRANKL, Defendant and Third-Party Plaintiff-Respondent. SARAH NEMERSON, as Executrix of NATHAN NEMERSON, Deceased, Third-Party Defendant-Respondent.—In a negligence action to recover damages for personal injuries, plaintiff appeals from four orders of the Supreme Court, Kings County, dated June 12, 1975, June 17, 1975, October 23, 1975 and December 11, 1975, respectively, as follows: (1) from the first order, which granted the third-party defendant's motion for a severance, (2) from the second order, which denied the third-party defendant's motion for a severance, (3) from the third order, which granted motions by the third-party plaintiff and the third-party defendant for summary judgment dismissing the action and the third-party action and

(4) as limited by his brief, from so much of the fourth order as, upon reargument, adhered to the determination of October 23, 1975. Appeal from the order dated October 23, 1975 dismissed, without costs or disbursements, as academic. That order was superseded by the order on reargument. Order dated December 11, 1975 modified by adding thereto, after the phrase "the court adheres to its original decision", the following: "except that the order dated October 23, 1975 is amended by (1) adding to the first decretal paragraph thereof, after the word 'granted', the following: 'to the extent hereinafter indicated', (2) by deleting the second decretal paragraph thereof, and substituting therefor the following: 'Ordered that defendant third-party plaintiff have summary judgment as against the plaintiff to the extent that plaintiff is barred from proving any element of damage caused by the malpractice of Dr. Nemerson, and that the motion of the defendant third-party plaintiff is otherwise denied'." As so modified, order affirmed, without costs or disbursements. Appeal from orders dated June 12, 1975 and June 17, 1975 dismissed, without costs or disbursements, as academic. The third-party action has been dismissed. To the extent that plaintiff seeks to again recover from the original tort-feasor the damages incurred as a result of the malpractice of the treating physician, the recovery from the physician in the Federal District Court bars this action. Plaintiff cannot relitigate the amount of the damages sustained as the result of the malpractice (cf. *Schwartz v Public Administrator of County of Bronx*, 24 NY2d 65, 71; *860 Executive Towers v Board of Assessors of County of Nassau*, 53 AD2d 463; *Read v Sacco*, 49 AD2d 471). The plaintiff should, however, be permitted to establish other elements of damage, if any, sustained by reason of the alleged negligence of the defendant (see *Matter of Parchefsky v Kroll Bros.*, 267 NY 410, 414). Latham, Acting P. J., Margett, Rabin, Titone and Hawkins, JJ., concur.