■ ROBERT BAND et al., Appellants, v ROYAL GLOBE INSURANCE COMPANY et al., Respondents. — Order, Supreme Court, New York County (Carey, J.), entered June 9, 1982, denying plaintiffs' motion for summary judgment against defendant Royal Globe Insurance Co. on the first cause of action in this suit to recover $16,000 under a homeowner's insurance policy for the loss in plaintiffs' home of a two- and one-half carat diamond and platinum engagement ring, unanimously reversed, on the law, summary judgment granted on the first cause of action against defendant Royal Globe, and the remaining causes of action severed, with costs and disbursements. Plaintiffs' evidence shows that the ring was lost between August 24 and August 27. Royal Globe denied coverage claiming that its policy had been canceled. Moving for

summary judgment, plaintiffs proved that the letter directing cancellation of the policy — mistakenly sent by an insurance agent — was received by Royal Globe on August 29. In response the insurer pointed to evidence that it may have received a telephone direction to cancel on the 27th prior to the loss of the ring having been reported to the police. Special Term held this to be a question of fact precluding summary judgment. Royal Globe now concedes that the policy had not been canceled, but it continues in opposition to summary judgment. It contends: that plaintiffs did not attach a copy of the policy to their moving papers; that they have not stated the particular clause covering the claimed loss; that the facts regarding the loss and the policy are exclusively in the knowledge of plaintiffs whose credibility should be tested by a trial. These assertions come with little grace and no effect at this juncture. Plaintiffs have submitted the policy indorsement covering the ring. If the remainder of the policy was relevant, Royal Globe had a copy that has been returned to it by plaintiffs' mortgagee. The two years since the action's commencement have provided ample time for disclosure. Neither the issue of the plaintiffs' credibility nor any of these other assertions was raised at Special Term. They should not be entertained now. Concur — Sullivan, J. P., Ross, Carro, Fein and Lynch, JJ.