■ HELEN HAGLER et al., Appellants, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent. — Judgment, Supreme Court, New York County (G. G. Inglehart, J.), entered December 16, 1982 is unanimously reversed, on the law and the facts and in the exercise of discretion, and a new trial ordered on all issues, with costs to abide the event. In this action for personal injuries by plaintiff wife, and loss of services, etc., by plaintiff husband, the judgment was entered on a jury verdict in favor of the wife for $26,400, and apparently in favor of the husband for zero dollars. Immediately after the jury had announced its verdict in favor of the plaintiff wife but before it announced its verdict as to the plaintiff husband, the court asked the jury "Does this verdict reflect your consideration of any comparative negligence by the plaintiff", and the jury responded yes. The jury was not asked and did not say how much they thought plaintiffs' total damage was before deduction, if any, for comparative negligence, or what percentage of culpability, if any, it allocated against the plaintiffs or the defendant. The verdict is inconsistent. Defendant concedes that if the verdict had been against the plaintiff husband, it would be reversed. (*Gray v Brooklyn Hgts. R. R. Co.,* 72 App Div 454.) Though this verdict was apparently in form in favor of plaintiff husband, it was in fact and in substance against him as the jury awarded him zero dollars. On the present record, the husband clearly suffered some damage, and if plaintiff wife is entitled to a recovery then so is plaintiff husband, and conversely, if the husband is not entitled to recovery then neither is the wife. The inconsistency cannot be explained on the basis of comparative negligence. There is nothing in this record to justify departing from the general rule that the same percentage of culpability is applicable to the husband's derivative action and to the wife's main action. If the defendant was not negligent, or if the jury was allocating 100% of the culpability against the plaintiffs, thus explaining a zero verdict as to the husband, then the same allocation should be applicable to the wife's claim and there should have been no recovery by her. On the other hand, if some negligence is allocated to defendant and less than 100% to plaintiff wife, thus explaining a verdict for the wife, then the husband's recovery should have been more than zero. Further, absent allocation for comparative negligence,

the verdict for the wife would appear unduly low. The verdicts on the husband's and wife's claims, considered in relation to each other, bear the marks of an impermissible compromise of liability and damages, perhaps a compromise between some jurors who thought the defendant was not negligent and thus there should be no recovery by the plaintiffs, and other jurors who thought the defendant was negligent, or that in any event, the wife should get something. A retrial of either the husband or the wife's case would require a trial on all issues of liability, and particularly comparative negligence or culpability. The husband's and wife's claims are so integrally related to each other that we think the interests of justice require a new trial of both claims on all issues. Perhaps on such a new trial, the risk of the inconsistencies which occurred on the first trial may be reduced by a special verdict or written interrogatories (CPLR 4111) as to the total amount that the jury finds each plaintiff had suffered and the respective percentages of negligence or culpability, if there is a verdict for plaintiffs. Concur — Kupferman, J. P., Sandler, Sullivan, Silverman and Bloom, JJ.