OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Claimant’s decedent was crossing a street on the State Office Building Campus in Albany in a marked pedestrian crosswalk when he was struck and killed by a bicyclist involved in a time trial. Claimant sued the cyclist and others involved in the time trial in Supreme Court, where damages were assessed at $980,000 and comparative negligence was found to be 60%. The claimant then commenced this action against the State in the Court of Claims, where the court found that the decedent and the State were each 50% at fault and assessed damages at $680,870. The Appellate Division affirmed the Court of Claims order, from which the State now appeals.
 

 We agree with the Appellate Division that the State, like other landowners, owed a duty of care to the plaintiff to maintain its property, held open to the public, in a reasonably safe condition and that it breached that duty
 
 (Benjamin v City of New York,
 
 64 NY2d 44;
 
 Kush v City of Buffalo,
 
 59 NY2d 26;
 
 Rhabb v New York City Hous. Auth.,
 
 41 NY2d 200;
 
 Scurti v City of New York,
 
 40 NY2d 433;
 
 Nicholson v Board of Educ.,
 
 36 NY2d 798;
 
 Cohen v City of New York,
 
 204 NY 424). As the lower court found, the bicycle time trials knowingly permitted several times weekly on the roadways within this vast office complex owned by the State constituted an unusual hazard or dangerous activity. Yet the State took no measures to protect pedestrians, even though the potential dangers were foreseeable
 
 (see, Cohen v City of New York, supra,
 
 at 427).
 

 The State’s position that collateral estoppel is a bar to relitigating the issue of decedent’s comparative negligence in the Court of Claims is similarly unpersuasive. Although the decedent’s comparative negligence was at issue both in the Supreme Court and in the Court of Claims actions, there has been no showing by the State that the Supreme Court ad
 
 *916
 
 dressed relative culpability as between the decedent and the State, which was an issue squarely before the Court of Claims
 
 (see, O’Connor v G & R Packing Co.,
 
 53 NY2d 278, 280;
 
 Schwartz v Public Adm’r,
 
 24 NY2d 65, 71).
 

 Further, the State was not and could not have been a party to the first action in Supreme Court (Court of Claims Act §§ 8, 9;
 
 see, Morell v Balasubramanian,
 
 70 NY2d 297). Collateral estoppel is, therefore, inapplicable (1) because the issues of decedent’s comparative negligence with respect to the defendants in the Supreme Court action and with respect to the later proceeding against the State in the Court of Claims are discrete, not identical; and (2) because, in any event, claimant never had a full and fair opportunity to litigate decedent’s comparative negligence in relationship to the State
 
 (see, Schwartz v Public Adm’r, supra).
 

 We have examined the State’s other arguments and find them to be without merit.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order affirmed, with costs, in a memorandum.