altered or damaged and that the equipment was installed in a neat and workmanlike manner. The Board issued an appropriate certificate of inspection.

In response to the motion, plaintiffs failed to come forth with evidentiary proof in admissible form raising any question of fact requiring a trial (CPLR 3212 [b]). Nothing has been offered from which it could be found that Gardner was negligent in the installation of the electrical system. Accordingly, summary judgment must be granted to Gardner dismissing plaintiffs' complaint. (Appeals from order of Supreme Court, Wayne County, Provenzano, J.—summary judgment.) Present —Dillon, P. J., Doerr, Boomer, Lawton and Davis, JJ.

■ HAMPTON HEIGHTS DEVELOPMENT CORPORATION et al., Appellants, v BOARD OF WATER SUPPLY OF THE CITY OF UTICA et al., Respondents. (Action No. 1.) CITY OF UTICA BOARD OF WATER SUPPLY, Plaintiff, v TOM NELSON, Individually and as Comptroller of the City of Utica, Respondent, et al., Defendant. (Action No. 2.) (Appeal No. 1.)

We affirm the balance of the judgment for reasons stated at Special Term ([Tenney, J.] *Hampton Hgts. Dev. Corp. v Board of Water Supply,* 136 Misc 2d 906). (Appeal from judgment of Supreme Court, Oneida County, Tenney, J.—summary judgment.) Present—Dillon, P. J., Doerr, Boomer, Lawton and Davis, JJ.

■ HAMPTON HEIGHTS DEVELOPMENT CORPORATION et al., Appellants, v BOARD OF WATER SUPPLY OF THE CITY OF UTICA et al., Respondents. (Action No. 1.) CITY OF UTICA BOARD OF WATER SUPPLY, Plaintiff, v TOM NELSON, Individually and as Comptroller of the City of Utica, Respondent, et al., Defendant. (Action No. 2.) (Appeal No. 2.)

Present—Dillon, P. J., Doerr, Boomer, Lawton and Davis, JJ.