In the Matter of the NEW YORK CITY BOARD OF EDUCATION et al., Petitioners, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, on Complaint of EDUARDO ORDONEZ, Respondent.—Proceeding pursuant to Executive Law § 298 to review a determination of the New York State Division of Human Rights, dated August 31, 1987, which, after a compliance hearing, ordered the petitioners, *inter alia,* to calculate the complainant Eduardo Ordonez's back pay at the salary rate of an assistant principal. The New York State Division of Human Rights cross-petitions for enforcement of the determination.

Adjudged that the determination is confirmed, the proceeding is dismissed on the merits, and the cross petition for enforcement is granted, with one bill of costs payable to the respondent New York State Division of Human Rights and the complainant Ordonez by the New York City Board of Education, to be fixed by the County Clerk of Kings County, under CPLR 8203 and 8301.

Contrary to the contention of the New York City Board of Education (hereinafter the Board), the Commissioner of the New York State Division of Human Rights did not abuse his discretion in ordering that the award of back pay, to which we have previously concluded that the complainant is entitled *(Matter of New York City Bd. of Educ. v New York State Div. of Human Rights,* 104 AD2d 418), be calculated at the salary rate of an assistant principal. The Commissioner has broad powers to form a remedy for discrimination, including the power, in his discretion, to order compensatory damages *(see, Matter of State Div. of Human Rights v County of Onondaga*

*Sheriff's Dept.,* 71 NY2d 623; *Matter of Wantagh Union Free School Dist. v New York State Div. of Human Rights,* 122 AD2d 846). We conclude that there is substantial evidence to support the Commissioner's finding that had the complainant not been wrongfully removed from his position as interim acting assistant principal, he would have received an assistant principal's salary commencing on October 16, 1974. Accordingly, the Commissioner's order requiring the Board to pay the difference between what the complainant would have earned as an assistant principal and what he actually earned was proper.

We have examined the remaining contentions of the Board and find that they are without merit. Kunzeman, J. P., Rubin, Harwood and Balletta, JJ., concur.