■ CHEMICAL BANK, Respondent, v WE'RE ASSOCIATES COMPANY, Appellant.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered October 5, 1988, which granted plaintiff's motion to dismiss each of the second, third and seventh affirmative defenses contained in defendant's answer and denied defendant's motion for summary judgment dismissing the complaint in its entirety, unanimously affirmed, with costs, for the reasons stated by Shainswit, J.

The defendant is the owner and developer of two office buildings. Plaintiff entered into similar net leases for building number 1 on May 1, 1982 and for building number 2 on May 20, 1982. A violent storm blew a portion of the roof off building number 2 in April 1987. In November 1987, plaintiff's engineers determined both roofs had not been constructed according to specifications. Plaintiff initiated arbitration to resolve a dispute over who was to pay for repairs of the roof of building number 2 pursuant to the five-year warranty provision of the lease. Defendant commenced a special proceeding to stay the arbitration, arguing that the claim was for breach of contract for failure to comply with drawings and specifications and was not arbitrable pursuant to the lease. The court found the dispute, as framed in the complaint, to be arbitrable. Plaintiff commenced this action for breach of contract in April 1988 seeking damages for failure to construct the roof of building number 1 in accordance with the drawings and specifications and in a workmanlike manner as required by the lease. Defendant contended the claim falls under the warranty provisions of the lease and that plaintiff is bound by the doctrines of res judicata and collateral estoppel, and by

judicial admission. The court found the doctrines of res judicata and collateral estoppel did not apply because the prior proceeding was limited to the question of whether the dispute was arbitrable and that the prior claim was not a judicial admission of exclusive remedy because the lease agreements provided that remedies contained therein were cumulative.

We agree that the doctrines of res judicata and collateral estoppel do not apply as the prior action did not consider the possible existence of other remedies available under the lease for building number 1 and thus the claim herein was neither decided therein *(Reilly v Reid,* 45 NY2d 24) nor were the issues of fact and law necessarily decided in the prior action conclusive in this action *(Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481).

We have reviewed defendant's additional contentions and find that they are either not properly before this court *(see, Band v Royal Globe Ins. Co.,* 92 AD2d 513) or are without merit. Concur—Murphy, P. J., Kupferman, Carro, Kassal and Wallach, JJ.