■ ELAINE SAFCHIK et al., Appellants, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.—

On June 18, 1984, at Elementary School 64 in The Bronx, Elaine Safchik sustained injury while leading a class down a flight of stairs to the school gymnasium. Plaintiffs offered evidence which tended to show that, because a light on the landing between the first and second floors was burned out, she stumbled, twisting her ankle and twisting her back as she caught herself on the bannister. That evening she developed numbness radiating up the side of her leg. She spent the next two years on sick leave and was unable to resume her teaching duties until September 1986.

At some point, a dispute arose between Mrs. Safchik and defendant as to whether her condition was sufficiently disabling to support her entitlement to sick leave benefits. The issue was ultimately referred to arbitration and, approximately one year after the date of the injury, resolved in favor of Mrs. Safchik. The arbitrator, Harry J. Magliato, M.D., specializing in orthopedic surgery, testified as a medical expert, but Supreme Court excluded any testimony concerning the arbitration between the parties. Dr. Magliato testified that he was "asked to comment as to whether she was disabled as of May 11 [1985] from her teaching duties." He testified that he considered her disabled as of March 11, 1985. In any event, Mrs. Safchik received a notice dated July 5, 1985 which states, *inter alia,* "Absence from June 18, 1984 through June 26, 1985 is approved as having occurred in line-of-duty. * * * The findings of the Medical Arbitrator are equally binding on you and the Board of Education."

Plaintiffs contend that it was error to exclude evidence of the arbitration. They argue that the medical arbitrator's finding that Elaine Safchik sustained an injury on June 18, 1984 which rendered her disabled should be given collateral estoppel effect.

We agree. The two requirements of collateral estoppel are met, "that an issue in the present proceeding be identical to that necessarily decided in a prior proceeding, and that in the prior proceeding the party against whom preclusion is sought was accorded a full and fair opportunity to contest the issue" *(Allied Chem. v Niagara Mohawk Power Corp.,* 72 NY2d 271, 276). As defendant's notice to Mrs. Safchik recites, the arbitration award is mutually binding, and the parties are estopped to contest any issue necessarily decided in that proceeding *(Matter of Halyalkar v Board of Regents,* 72 NY2d 261, 267; *Ryan v New York Tel. Co.,* 62 NY2d 494, 500-502).

Giving preclusive effect to the arbitration award, there is

merit to plaintiffs' contention that the jury's failure to award anything for loss of consortium to plaintiff Martin Safchik constitutes an inconsistent verdict. As this court stated in *Hagler v Consolidated Edison Co.* (99 AD2d 725), "On the present record, the husband clearly suffered some damage, and if plaintiff wife is entitled to a recovery then so is plaintiff husband". The testimony indicates that Elaine Safchik sustained a painful and debilitating injury for which the jury awarded some compensation. The verdict of zero dollars on Martin Safchik's claim for loss of consortium amounts to a verdict against him which is inconsistent with the verdict in favor of his wife *(Hagler v Consolidated Edison Co., supra).*

We also agree that the court's instructions to the jury regarding the computation of damages were so confusing that it is not clear whether the verdict represents the total amount of the damages sustained by Mrs. Safchik or that amount reduced by the extent of her culpable conduct which contributed to her injury. In response to the court's third interrogatory, the jury found her 75% liable and defendant 25% liable. The fourth interrogatory asked for the total amount of Elaine Safchik's damages. The jury sent a note to the court which asked if the third interrogatory was based upon a percentage of the amount of damages sought. The court answered, "what we are concerned with in answer to that question is the percentage of fault only. After you answer that question, if you have to you proceed with the next question." From this exchange, it is impossible to assess whether the $50,000 award represents total damages of $200,000 reduced by the percentage of plaintiff's culpability or whether, as the court assumed, it represents the gross award.

It appears also that defendant engaged in some highly questionable discovery tactics which should have resulted in suppression of testimony. Approximately one year prior to the trial, Mrs. Safchik's chiropractor received a subpoena duces tecum together with the $3 fee. Upon his arrival at the courthouse, the witness was instead directed to the Corporation Counsel, which maintains an office in the building. There, he was interviewed by an investigator and his records examined. No notice of the subpoena was given to plaintiffs and, therefore, no attorney for plaintiffs was present.

The records and testimony presented by this witness should have been suppressed (CPLR 3103 [c]; *Matter of Weinberg,* 129 AD2d 126). The records and testimony were employed at trial to surprise plaintiffs, which was sufficiently prejudicial to warrant suppression *(Matter of Weinberg, supra,* at 137). There

is no excuse for defendant's failure to comply with the requirements for discovery of a nonparty witne 3 set forth in CPLR 3120, which mandates that a court order be obtained on notice to all adverse parties.

Finally, there is no merit to plaintiff's argument that it was error to preclude plaintiff from testifying as to the value of her lost earnings. The parties stipulated to a figure of $40,000, and the court instructed the jury that this was the value of her lost earnings. Concur—Ross, J. P., Milonas, Wallach and Rubin, JJ.