**Jayant KHANDHAR, Jyoti Khandhar, Plaintiffs–Appellants,**

**v.**

**Joseph Charles ELFENBEIN, M.D. and James Richard Dickson, M.D., Defendants–Appellees.**

**No. 1690, Docket 91–7211.**

United States Court of Appeals, Second Circuit.

Argued June 28, 1991.

Decided Sept. 3, 1991.

David P. Kownacki, New York City, for plaintiffs-appellants.

Jeffrey M. Feldman, Fishkill, N.Y. (Feldman & Kleidman, Fishkill, N.Y. and Mead, Dore & Voute, P.C., White Plains, N.Y., of counsel) for defendants-appellees.

Before CARDAMONE, MINER and MAHONEY, Circuit Judges.

MINER, Circuit Judge:

Plaintiffs-appellants Jayant Khandhar ("Khandhar") and Jyoti Khandhar ("Mrs. Khandar") (collectively, "appellants") appeal from a summary judgment entered in the United States District Court for the Southern District of New York (Conboy, *J.*) in favor of defendants-appellees Dr. Joseph Charles Elfenbein and Dr. James Richard Dickson (collectively, "appellees"). Appellants commenced this medical malpractice action to recover damages for injuries sustained by Khandhar as a result of a surgical procedure believed to have been performed negligently. The surgery was required to remove two herniated discs caused by an automobile accident. Khandhar first recovered $20,000 for the injuries he sustained in the accident. This recovery came in the form of a settlement with the owner and driver of the automobile that struck the vehicle Khandhar was driving.

On appellees' motion for summary judgment, the district court held that the injuries for which recovery was sought in the action at bar were the same injuries for which Khandhar already had recovered an additional $40,000 in an arbitration conducted pursuant to the underinsured motorist provision of his insurance policy. Because the court found an identity of issues, it held that Khandhar was collaterally es-

topped from maintaining a claim of medical malpractice in federal court.

Khandhar contends that the district court erred in finding an identity of issues because the damages resulting from the surgery were not known to Khandhar, let alone addressed and determined, during the arbitration. He maintains that preclusion was inappropriate in light of the discovery of new evidence subsequent to the arbitration. We agree with Khandhar's arguments and conclude that the district court erred in granting summary judgment.

## BACKGROUND

On June 20, 1986, Khandhar was injured in an automobile accident in Pelham, New York. As a consequence of that accident, he sustained injuries to his lower back and sought the medical attention of appellees. After initial tests and a determination by appellees that Khandhar had herniated discs—one between the fourth and fifth lumbar vertebrae and another between the fifth lumbar vertebrae and the first sacral vertebrae—appellees performed a surgical procedure known as a laminectomy on Khandhar at United Hospital in Portchester, New York. Because pain persisted after the laminectomy, Khandhar sought additional medical attention from other physicians at St. Francis Hospital in Pittsburgh, Pennsylvania.

Khandhar commenced an action against the automobile owner, Jose Meza, and the driver, Anna Pinilla, and recovered a total of $20,000 in settlement from their respective insurers. That amount represented the maximum amount of liability insurance coverage available.

Khandhar's insurance policy, issued by the State Farm Insurance Company ("State Farm"), included a provision for underinsured motorist coverage. In accordance with that provision, Khandhar initiated an arbitration proceeding to recover additional compensation for his injuries by filing a request for arbitration with the American Arbitration Association. On December 2, 1988, an arbitration proceeding was conducted.

At the arbitration, Khandhar sought recovery for "pain and suffering associated with his accident and ... surgery and various tests administered upon him as a result of this accident" and for "the permanency of the problems caused by the accident which remain even after surgery was performed." Khandhar testified about the accident, and various medical documents were introduced as exhibits in the arbitration. No expert testimony was offered to explain or interpret the documents. On February 23, 1989, the arbitrator awarded $40,000 to Khandhar. Believing that amount to be inordinately low, Khandhar requested an upward modification of the award. The arbitrator denied the request, and the arbitral award was confirmed by the New York State Supreme Court, Westchester County, on August 4, 1989.

Khandhar commenced a diversity action against Dr. Elfenbein, Dr. Dickson and United Hospital on June 13, 1989, claiming damages arising from the alleged medical malpractice of appellees, who performed the surgical procedure. Apparently, appellees diagnosed a pathology in the disc between the fourth and fifth lumbar vertebrae (L4–L5 level) and the disc between the fifth lumbar vertebrae and the first sacral vertebrae (L5–S1 level). However, they operated on the disc between the third and fourth lumbar vertebrae (L3–L4 level). The claims against United Hospital were discontinued in February of 1990. Although not present in the car at the time of the accident, Mrs. Khandhar joined in the suit, seeking damages for loss of her husband's services.

During pre-trial discovery, Khandhar was examined by Dr. Lawrence Kaplan. In his report, Dr. Kaplan noted that x-rays revealed the performance of a laminectomy at the L3–L4 level instead of at the L4–L5 and L5–S1 levels, which previously had been diagnosed as pathological. Dr. Kaplan was of the opinion that a second surgery would be necessary to correct the pathology remaining at the L5–S1 level.

Unaware of the arbitration award until after deposing Khandhar in this action, appellees moved for the addition of two af-

firmative defenses—issue preclusion and lack of subject matter jurisdiction—and for summary judgment on the basis of those affirmative defenses. Because Khandhar responded only to the motion for summary judgment without opposing the motion to add the affirmative defenses, the district court granted the motion to amend the answer to include the pair of affirmative defenses. The court then proceeded to consider whether summary judgment was appropriate on either of the two grounds.

After comparing the claims made in arbitration to the claims made in the action at bar, the court found that Khandhar "seeks to recover for virtually the same injuries in this litigation as were sought, and necessarily decided, in the arbitration." The court found an identity of issues in the "value of the injuries claimed" and stated that Khandhar "has already been compensated for [the] same." Rejecting the assertion that Khandhar did not have a full and fair opportunity to present the issues in the arbitration, Judge Conboy granted summary judgment in favor of appellees. The motion to dismiss Mrs. Khandhar's claim for lack of subject matter jurisdiction was denied. It was based on appellees' contention that, upon dismissal of Khandhar's claims, the amount in controversy requirement would not be met with respect to Mrs. Khandhar's claim. However, her claim later was dismissed with prejudice, and a final judgment in the action was entered on February 7, 1991. This appeal followed.

## DISCUSSION

■ Khandhar contends that the district court erred in finding that his malpractice claim was precluded and therefore erred in dismissing his complaint on the summary judgment motion. Because the injuries resulting from the surgery were unknown at the time of the arbitration, he asserts that the issue of the value of those injuries could not have been presented to and determined at that proceeding, as the district court found.

Recognizing "that a federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered," *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); *see also Allen v. McCurry*, 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980), the district court examined New York law to determine whether Khandhar's federal action was precluded by the prior confirmed arbitral award. Under New York law, "[t]he doctrine of collateral estoppel [bars] a party from relitigating 'an issue which has previously been decided against him in a proceeding in which he had a fair opportunity to fully litigate the point.' " *Kaufman v. Eli Lilly & Co.*, 65 N.Y.2d 449, 455, 482 N.E.2d 63, 67, 492 N.Y.S.2d 584, 588 (1985) (citation omitted); *see also Boorman v. Deutsch*, 152 A.D.2d 48, 53, 547 N.Y.S.2d 18, 21 (1st Dep't 1989); 73 N.Y.Jur.2d *Judgments* § 321, 380–81 (1988). "It is settled law that the doctrine of [issue preclusion] is applicable to issues resolved by [an] earlier arbitration." *Rembrandt Indus., Inc. v. Hodges Int'l, Inc.*, 38 N.Y.2d 502, 504, 344 N.E.2d 383, 384, 381 N.Y.S.2d 451, 452 (1976); *see also Rudolph's Women's Apparel of Mt. Kisco, Inc. v. Chiappinelli*, 167 A.D.2d 379, 380, 561 N.Y.S.2d 606, 607 (2d Dep't 1990); *Safchik v. Board of Educ. of City of New York*, 158 A.D.2d 277, 278–79, 550 N.Y.S.2d 679, 680 (1st Dep't 1990).

■ Two requirements must be met before the doctrine will preclude a subsequent litigation: "First, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination." *Kaufman*, 65 N.Y.2d at 455, 482 N.E.2d at 67, 492 N.Y.S.2d at 588. The party seeking the benefit of collateral estoppel bears the burden of proving the identity of the issues, while the party challenging its application bears the burden of showing that he or she did not have a full and fair opportunity to adjudicate the claims involving those issues. *Id.* at 456, 482 N.E.2d at 67, 492

N.Y.S.2d at 588; *see also Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 501, 467 N.E.2d 487, 491, 478 N.Y.S.2d 823, 827 (1984).

The district court held, and appellees argue on appeal, that although the claim of malpractice was not before the arbitrator, the injuries resulting from the malpractice were before the arbitrator. In arriving at its conclusion, the court compared the list of injuries claimed at the arbitration with those listed in the original answers to appellees' interrogatories in this action. At both proceedings Khandhar claimed damages for failure to improve after the performance of the surgery, continuing pain, and permanency of the injury. The district court found that the manner in which the injuries were sustained is irrelevant, and instead the appropriate focus is on the "value of the injuries claimed." The court found especially significant the fact that Khandhar asserted at the arbitration a claim for the "total damages" flowing from the automobile accident, "for which the insurance company, standing in the shoes of the original tortfeasor, was liable."

 "Issue preclusion is available to protect a defendant who was not a party to an earlier [action] from relitigation of an issue considered ... in the prior [proceeding] only when it is clear that the prior determination squarely addressed and specifically decided the issue." *O'Connor v. State of N.Y.*, 126 A.D.2d 120, 124, 512 N.Y.S.2d 536, 540 (3d Dep't), *aff'd*, 70 N.Y.2d 914, 519 N.E.2d 302, 524 N.Y.S.2d 391 (1987). To dismiss this action on the basis of issue preclusion, the court therefore had to find that the issue of damages for injuries attributable to the surgery was "squarely addressed and specifically decided" at the arbitration.

Appellees maintain that, because Khandhar argued at the arbitration that "[t]he original tort-feasor is responsible for any [damages] that flow from the original treatment," the issue of damages, including damages flowing from the alleged negligent surgery, was addressed and decided at the arbitration. It is true that when State Farm attempted to question Khand-

har about his satisfaction with the medical attention he had received, Khandhar's attorney interrupted, stating that the question was irrelevant since State Farm was liable for all damages flowing from the original accident. Nonetheless, no matter how zealously Khandhar's attorney argued that State Farm was liable for all damages flowing from the accident, it cannot be said that the specific issues of damages presented here were presented at the arbitration. For instance, the full extent of the pain and suffering from the negligently performed laminectomy was not put before the arbitrator and cannot be considered as falling within the claim of "total damages" flowing from the automobile accident.

Both parties and the district court rely on *Sky v. Kahan–Frankl*, 54 A.D.2d 587, 387 N.Y.S.2d 163 (2d Dep't 1976). In *Sky*, the Appellate Division, Second Department, found that the recovery of damages sustained as a result of the medical malpractice of a treating physician in one action barred an action against the original tortfeasor. *Id.* at 588, 387 N.Y.S.2d at 165. However, the court held that the "plaintiff should ... be permitted to establish other elements of damage, if any, sustained by reason of the alleged negligence of the defendant." *Id.* The district court here held that the "failed" surgery was "adjudicated" by the arbitrator when he "rendered his award on [Khandhar's] total damages," and therefore there were no "other elements of damage" not considered in the prior proceeding.

 Khandhar maintains that the probable need for additional surgery is another "element[ ] of damage" not considered in arbitration. We agree with Khandhar. Although Khandhar sought recovery for the laminectomy and all injuries resulting from the accident, he did not seek compensation for the specific injuries resulting from medical malpractice, especially for the second surgery. All damages issues therefore were not "actually and necessarily decided" in arbitration, and the arbitration cannot collaterally estop an action for damages as a consequence of medical malpractice. *See* 73 N.Y.Jur.2d *Judgments* § 321, at 381.

Collateral estoppel cannot be invoked to bar a party from litigating an issue that has never been determined. *In re Kellogg,* 138 A.D.2d 799, 802, 525 N.Y.S.2d 443, 445 (3d Dep't 1988); *see also Chemical Bank v. We're Assocs. Co.,* 155 A.D.2d 260, 260–61, 546 N.Y.S.2d 863, 864 (1st Dep't 1989). The district court erred in finding that appellees carried their burden of proving identicality of issues. The court also erred in finding that Khandhar was afforded a full and fair opportunity to litigate.

■ Appellant pointed out to the district court that it was not until pre-trial discovery in this action that evidence of serious injuries by reason of malpractice first came to light. This new evidence consisted of the recommendation that a second surgery would be necessary to remove one of the herniated discs that the physicians negligently failed to remove during the first surgery. One of the factors that New York courts look to in determining whether to apply the doctrine of collateral estoppel is the presence of new evidence. *Schwartz v. Public Adm'r of the County of Bronx,* 24 N.Y.2d 65, 72, 246 N.E.2d 725, 729, 298 N.Y.S.2d 955, 961 (1969); 73 N.Y.Jur.2d *Judgments* § 323, at 386. If significant new evidence is uncovered subsequent to the proceeding said to result in an estoppel of the present action, then it cannot be found that a party was afforded a full and fair opportunity to present his case in the absence of that evidence. *See Hampton Heights Dev. Corp. v. Board of Water Supply of City of Utica,* 136 Misc.2d 906, 911, 519 N.Y.S.2d 438, 443 (Sup.Ct.1987), *aff'd as modified,* 140 A.D.2d 958, 531 N.Y.S.2d 421 (4th Dep't 1988). Since the injuries sustained by reason of malpractice, and more specifically the need for additional surgery, were not actually before the arbitrator, there can be no issue preclusion. In fact, none of the parties was aware that additional surgery would be needed to correct the original disc damage.

## CONCLUSION

In view of the foregoing, we reverse the judgment of the district court and remand for further proceedings not inconsistent with this opinion.