**BBS NORWALK ONE, INC., Plaintiff–Appellant,**

**v.**

**RACCOLTA, INC. and Stephen Nicholas Bunzl, Defendants–Appellees.**

**No. 1451, Docket 96–9428.**

United States Court of Appeals, Second Circuit.

Argued May 13, 1997.

Decided June 26, 1997.

John H. Reichman, New York City (Evan Weintraub, Gold & Wachtell, LLP, of counsel), for Plaintiff–Appellant.

Aaron Stiefel, New York City (Davida Isaacs, Kaye, Scholer, Fierman, Hays & Handler, LLP, of counsel), for Defendants–Appellees.

Before: CARDAMONE and WINTER, Circuit Judges, and HAIGHT, District Judge [*].

HAIGHT, Senior District Judge.

This is an appeal from an order of the United States District Court for the Southern District of New York (Cedarbaum, J.), granting summary judgment for defendants on collateral estoppel grounds. We vacate the judgment and remand the case to the district court for further proceedings.

## Background

Plaintiff-appellant BBS Norwalk One, Inc. ("BBS") is a Delaware corporation with two shareholders: John Steele, who owns a 10% share, and B & B Property, Inc ("B & B"). The shares of B & B are held by Hugo Bunzl ("Hugo") and Virginio Battanta as tenants in common.[1] In 1991, BBS purchased a building from Chase Manhattan Bank ("Chase"), on which Chase retained a mortgage. In 1993, Chase became willing to sell its mortgage at a discount. Hugo purchased the mortgage on behalf of BBS, obtaining a $660,000 loan from his cousin, defendant Stephen Nicholas Bunzl ("Nick") for the down payment. Under the loan agreement, Hugo was obligated to repay Nick one million dollars within two months, or Nick would be given the option to buy the mortgage. The loan was not repaid, and the mortgage was purchased by defendant Raccolta Corporation ("Raccolta"), an entity formed by Nick to carry out the transaction, in March 1994.

Plaintiff commenced this action in June 1995, alleging that Hugo breached his fiduciary duty to BBS by depriving it of the

---

[*] Honorable Charles S. Haight, Jr., of the United States District Court for the Southern District of New York, sitting by designation.

1. The scope of Battanta's and Hugo's interest in B & B is currently the subject of state court litigation.

opportunity to purchase the Chase mortgage at a discount, and that defendants Nick and Raccolta aided and abetted that breach. Defendants sought summary judgment on the ground that there was no evidence to show that Nick knew that Hugo was acting without authorization.[2]

Steele and Battanta, the former derivatively on behalf of BBS, also brought claims against Hugo in an arbitration proceeding, as provided for in BBS's shareholder agreement. In their statements of claims, Steele and Battanta argued that Hugo violated his fiduciary duty, *inter alia*, by "wrongfully divert[ing] from BBS the opportunity to acquire the mortgage held by Chase Manhattan Bank ... at a substantial discount." Hugo, for his part, asserted various counterclaims against Steele and Battanta.

While defendants' summary judgment motion was pending before the district court, the arbitrator issued an award, which recited the following:

> With respect to all claims and counterclaims submitted to arbitration by HUGO BUNZL ... VIRGINIO BATTANTA ... and JOHN STEELE ..., same are hereby denied in their entirety.

Defendants notified the court, by letter, of this decision, appending copies of Steele's and Battanta's statements of claims and of the arbitrator's award. On the basis of that submission, defendants sought leave to add collateral estoppel as an alternative basis for summary judgment in their favor.

After obtaining a brief extension of time, BBS responded by letter memorandum. In that memorandum, BBS stated that Hugo had presented the following contentions to the arbitrator in the course of opposing Battanta's and Steele's claims:

> 1) he was personally responsible for salvaging the investments made in the venture; 2) Steele had independently defrauded BBS; 3) both Battanta and Steele had testified falsely and were guilty of "unclean

hands"; and 4) at the time he was engaging in the conduct giving rise to his breach of fiduciary duty and diversion of a corporate opportunity, both Battanta and Steele had shown a lack of interest in the property.

BBS argued that the arbitrator's decision to deny the claims against Hugo could have been the result of one these "defenses," rather than being based on a finding that Hugo had not breached his fiduciary duty.[3] In making these assertions, BBS furnished no documentary evidence from the arbitration record.

The district court granted defendants' summary judgment motion, concluding that the arbitrator's ruling collaterally estopped plaintiff from claiming that Hugo had diverted a corporate opportunity, or that Nick had aided and abetted him in doing so. The court rejected the argument presented in BBS's letter as "mere speculation." It found that the arbitrator's award unambiguously resolved the same issue presented in the action before it. Having reached that conclusion on collateral estoppel, the court did not reach the original ground urged for summary judgment.

This appeal followed.

### Discussion

Rule 56(c), Fed.R.Civ.P., provides that summary judgment "shall be rendered forthwith if the pleadings; depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(e) provides that when confronted with a motion for summary judgment thus supported, the non-moving party "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." This procedural ebb and

---

**2.** The appellate briefs go on at great length about the evidence on this point. Appellant seeks to portray a collusive effort by Nick and Hugo to obtain the mortgage through various fraudulent measures, while appellee recounts other facts which support Nick's claim that he had taken sufficient steps to confirm that Hugo was authorized to act on behalf of BBS.

**3.** BBS also claimed that it was not a party to the arbitration. It has not presented that argument on appeal.

flow takes place within the context of the governing law.

The governing law in this diversity case is that of New York, where the district court sits: specifically, New York's law on the collateral estoppel effect of an arbitration award.

■ While the arbitration award at bar was not confirmed by a court, this Court has recently held that the New York law of collateral estoppel does not require that additional step. *See Jacobson v. Fireman's Fund Ins. Co.,* 111 F.3d 261, 267 (2d Cir.1997)(explaining that under New York law as it has evolved, "res judicata and collateral estoppel apply to issues resolved by arbitration where there has been a final determination on the merits, notwithstanding a lack of confirmation of the award") (citation and internal quotation marks omitted). Accordingly we turn to the general principles of collateral estoppel as declared by the New York courts.

■ Under New York law, in order to invoke the doctrine of collateral estoppel, a party must show that "the identical issue necessarily must have been decided in the prior action and be decisive of the present action," *Khandhar v. Elfenbein,* 943 F.2d 244, 247 (2d Cir.1991) (citation and internal quotation marks omitted). The party invoking collateral estoppel "bears the burden of proving the identity of the issues...." *Id.* The prior decision need not have been explicit on the point, since "[i]f by necessary implication it is contained in that which has been explicitly decided, it will be the basis for collateral estoppel." *Norris v. Grosvenor Mktg. Ltd..* 803 F.2d 1281, 1285 (2d Cir.1986) (construing New York law) (citations and internal quotation marks omitted). Nonetheless, the party asserting preclusion "bears the burden of showing with clarity and certainty what was determined by the prior judgment," *Clark v. Bear Stearns & Co.,* 966 F.2d 1318, 1321 (9th Cir.1992), so that "[i]ssue preclusion will apply only if it is quite clear" that this requirement has been met, *Colon v. Coughlin,* 58 F.3d 865, 869 (2d Cir.1995) (construing New York law).

■ BBS contends on this appeal that defendants' submissions before the district court were not sufficient to establish with the requisite degree of certainty that the arbitrator rejected its claim that Hugo breached a fiduciary duty. If that is so, the district court's grant of summary judgment on the basis of collateral estoppel was erroneous, because in that circumstance defendants were not entitled to judgment as a matter of law.

Defendants respond by pointing out that they furnished the district court with copies of the parties' statements of claims and the arbitrator's one-sentence denial of them all. Defendants further stress that BBS's opposition to their motion for summary judgment based on collateral estoppel consisted solely of a letter brief from counsel, unaccompanied by any part of the arbitration record or other material of that evidentiary nature ordinarily required by Rule 56(e). Defendants say that, having shown that the arbitrator denied BBS's claim of diversion of a corporate opportunity, they should not be required to shoulder the added burden of proving a negative, namely, that the arbitrator denied BBS's claim not on the merits, but in response to one or more of defendants' affirmative defenses.

While there is some force to these contentions, we think the case turns not upon an unfair requirement that defendants prove a negative, but upon their affirmative duty to make the showing mandated by Rule 56(c) that "there is no genuine issue as to any material fact." The material factual issue in the case at bar is whether the arbitrator denied BBS's breach of fiduciary duty claim on its merits, or for some other reason. To obtain summary judgment on collateral estoppel grounds, the defendants must make a showing so strong that no fair-minded jury could fail to find that the arbitrator necessarily denied the claim for the reason they assert. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). This is a heavy burden, and it cannot be met with equivocal evidence. Only after the moving party meets the initial burden does the burden shift to the nonmoving party. *See Adickes v. S.H. Kress &*

*Co.,* 398 U.S. 144, 160, 90 S.Ct. 1598, 1609–10, 26 L.Ed.2d 142 (1970)(unless movant meets initial burden, summary judgment must be denied even if no opposing evidentiary matter is presented).

 While the arbitrator gave no reasons for his decision, New York law did not require him to do so, *see, e.g., Guetta v. Raxon Fabrics Corp.,* 123 A.D.2d 40, 510 N.Y.S.2d 576, 578 (1st Dept.1987) ("The arbitrator was under no obligation to explain his decision in the first place; even less was he required to specifically mention the particular issues he decided or to set forth his findings with respect thereto.") (citations omitted). Nonetheless, such pronouncements have a certain Delphic quality which, when combined with the apparently extensive arbitration record (very little of which was submitted to the district court) and the demanding burden defendants bear to establish collateral estoppel, persuades us that the case must be remanded for further proceedings.

Defendants will satisfy their Rule 56(c) burden if they submit the entire arbitration record (testimony, exhibits, and the oral and written submissions of counsel) to the district court, and if that record demonstrates that the only conclusion a fair-minded jury could reach is that the arbitrator denied BBS's claim on the merits. Rule 56(e) will then require BBS to show, by specific references to the arbitration record, that the arbitrator denied its claim for other reasons, or that at least a genuine issue exists on that point. On remand, a lawyer's letter will not suffice.

If BBS can make either of these showings, it follows that defendants have not made the showings of certainty and necessity that collateral estoppel requires, and they are not entitled to summary judgment on that basis. On the other hand, BBS's failure to make either showing would entitle defendants to summary judgment based on collateral estoppel.[4]

 We deal with one further issue. BBS argues that even if Hugo did not breach a fiduciary duty, that fact is not dispositive of the action. Specifically, BBS contends that defendants are vulnerable to a cause of action for unjust enrichment. Although BBS acknowledges that the district court was never presented with such a claim, it now seeks to amend its complaint, on remand, to add this cause of action.

 A circuit court, in general, will not consider issues raised for the first time on appeal. *Greene v. United States,* 13 F.3d 577, 586 (2d Cir.1994). This rule may be disregarded only when necessary to "remedy an obvious injustice" or if "the elements of the claim were fully set forth" in the trial court, and no additional fact-finding is needed. *Id.* Neither of these circumstances is applicable here, and we therefore decline to consider the unjust enrichment claim.

We vacate the district court's grant of summary judgment and remand the case to that court for further proceedings consistent with this opinion.

---

4. The district court is also free on remand to consider the ground defendants initially urged in support of summary judgment.