Thomas J. JEFFREYS, Plaintiff–Appellant,

v.

TEAMSTERS UNION LOCAL 1150, Defendant–Appellee.

Docket No. 01–7644.

United States Court of Appeals, Second Circuit.

Jan. 29, 2002.

Thomas J. Jeffreys, pro se.

Leon M. Rosenblatt, West Hartford, CT, for Appellee.

Present SACK, PARKER, and B. FLETCHER,* Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

In June 1997, the plaintiff, proceeding *pro se* and *in forma pauperis,* brought this action under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111 *et seq.,* the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.,* and 42 U.S.C. § 1983. The plaintiff alleges that the defendant violated a collective bargaining agreement by failing to abide by the agreement's recall provisions and in its handling of his grievances against his employer.

On February 28, 2001, the magistrate judge issued a report and recommendation concluding that the defendant's motion for summary judgment should be granted. The magistrate judge decided that the plaintiff is collaterally estopped from pursuing his ADA and Rehabilitation Act claims because they rely upon issues that were decided against the plaintiff in an unsuccessful earlier action against his employer. *See Jefferies [sic] v. United Tech. Corp., Sikorsky Aircraft Div.,* Civ. No. 3:97CV1344 (DJS) (D.Conn. Aug. 12, 1999). The magistrate judge also concluded that the plaintiff's action under 42 U.S.C. § 1983 fails because the plaintiff has not

* Of the United States Court of Appeals for the    Ninth Circuit, sitting by designation.

submitted evidence showing that the defendant was acting under color of state law. The district court endorsed the magistrate judge's recommendations, and entered judgment against the plaintiff on April 20, 2001.

■ We conclude from our review of the record that the magistrate judge correctly decided that the plaintiff is collaterally estopped from pursuing his claims under the ADA and Rehabilitation Act because of the finding in *Sikorsky* that the plaintiff was not disabled within the meaning of either of these acts. For a party to be collaterally estopped from raising an issue, there must have been a prior proceeding in which the party had a full and fair opportunity to litigate, and which involved an issue that (1) was identical to the issue in the current proceeding, (2) was actually litigated and decided, and (3) was necessary to support a valid and final judgment on the merits. *Flaherty v. Lang*, 199 F.3d 607, 613 (2d Cir. 1999). The *Sikorsky* proceeding meets these requirements. Moreover, identity of both parties is not an element of collateral estoppel, and thus the plaintiff is incorrect in his argument that he may re-litigate the issue of his disability based on the fact that *Sikorsky* involved a different defendant.

■ We also find without merit the plaintiff's argument that he may re-litigate the issue of his disability based on the presentation of allegedly new evidence. Although the discovery of "significant new evidence" can overcome the preclusive effect of a prior preceding, *see Khandhar v. Efenbein*, 943 F.2d 244, 249 (2d Cir.1991), the EEOC guidelines concerning disability to which the plaintiff refers are not evidence at all. Rather, they are legal authority, codified at 29 C.F.R. § 1630.2, and they were fully available to the court in *Sikorsky*. Similarly, we reject the plain-

tiff's argument that summary judgment was premature because the plaintiff had not yet obtained the affidavit of a union officer. The plaintiff has not shown that the officer's testimony would have borne on the issue of his disability, and thus has not demonstrated that he was prejudiced by his inability to obtain the officer's affidavit.

■ We also agree with the magistrate judge's conclusion that the plaintiff's claims under 42 U.S.C. § 1983 must fail because the defendant is not a state actor.

Finally, we acknowledge that the plaintiff's statements in his complaint regarding the defendant's alleged failure to protect his rights and pursue his claims against his employer under the collective bargaining agreement could be read as an allegation that the defendant breached its duty of fair representation in violation of 29 U.S.C. § 159(a). However, the plaintiff conceded at oral argument that he failed to give notice of his desire to be recalled after his layoff within the six-month period required by the collective bargaining agreement. Consequently, there was no timely claim under the collective bargaining agreement for the defendant to pursue on the plaintiff's behalf, and the plaintiff lacks a factual basis for his allegation of breach of duty.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.