14-1422-bk
*Andrews v. McCarron*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of February, two thousand and fifteen.

Present:
> BARRINGTON D. PARKER,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judge*s,

---

VINCENT S. ANDREWS, ROBERT L. ANDREWS,

*Debtors-Appellants*,

v.                                                                      No. 14-1422-bk

CHRISTOPHER MCCARRON, LAFFIT PINCAY, JR.,

*Creditors-Appellees*.

---

For Appellants:    RICHARD E. WEILL (Robert Silver, Stuart H. Singer, and
William T. Dzurilla, *on the brief*), Boies, Schiller & Flexner LLP
New York, New York.

For Appellees:    IRVE J. GOLDMAN, Pullman & Comley LLC, Bridgeport, Connecticut.

---

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Debtors-Appellants Vincent and Robert Andrews appeal from a final judgment entered in favor of the Creditors-Appellees by the District Court affirming a Bankruptcy Court order that determined a Central District of California judgment against the Appellants was non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). Relying on its analysis of the California action, the Bankruptcy Court ruled that Appellants were collaterally estopped from relitigating whether their conduct underlying the judgment against them constituted fraud. We assume the parties' familiarity with the facts, the procedural history, and the issues raised in this appeal.

Our review "of an order of a district court issued in its capacity as an appellate court is plenary." *In re DeTrano*, 326 F.3d 319, 321 (2d Cir. 2003) (citing *In re Manville Forest Prods. Corp.,* 896 F.2d 1384, 1388 (2d Cir.1990)). We therefore review a bankruptcy court's findings of fact for clear error and its conclusions of law *de novo. Id.* Relitigation of an issue of fact or law may be precluded on the basis of collateral estoppel only if that issue was raised in a previous proceeding in which the issue was "actually litigated and decided." *Purdy v. Zeldes*, 337 F.3d 253, 258 (2d Cir. 2003). "If an issue was not actually decided in [a] prior proceeding, or if its resolution was not necessary to the judgment, its litigation in a subsequent proceeding is not barred by collateral estoppel." *Postlewaite v. McGraw-Hill*, 333 F.3d 42, 48 (2d Cir. 2003). The party seeking preclusion "'bears the burden of showing with clarity and certainty what was determined by the prior judgment.'" *Id.* at 49 (quoting *BBS Norwalk One, Inc. v. Raccolta, Inc.*, 117 F.3d 674, 677 (2d Cir. 1997)) (emphasis omitted).

Appellants contend that they are not collaterally estopped by the California action from litigating whether their conduct giving rise to the judgment against them constituted fraud under § 523(a)(2)(A). Specifically, they argue that the element of justifiable reliance was decided under a different standard in the California action than the standard Appellees are required to meet under § 523(a)(2)(A) for the debt to be non-dischargeable in bankruptcy.

In *Field v. Mans*, 516 U.S. 59 (1995), the Supreme Court resolved a conflict among the circuits regarding the level of reliance § 523(a)(2)(A) requires a creditor to demonstrate in order for a debt to be non-dischargeable on the basis that it was procured by fraud. The Court looked to the common law for guidance and, in so doing, parsed the differences between reasonable and justifiable reliance. The Court explained that "[j]ustification is a matter of the qualities and characteristics of the particular plaintiff, and the circumstances of the particular case," *id.* at 71 (quoting Restatement (Second) of Torts § 545A, Comment *b* (1976)), and ultimately held that "justifiable, but not reasonable, reliance" was required. *Id.* at 74-75.

The jury in the California action was instructed that justifiable reliance was an element required to be proven with respect to Appellees' state law intentional misrepresentation claims. The instruction stated:

> A party claiming to have been defrauded by a false representation must not only have acted in reliance thereon but must have been justified in such reliance, that is, the situation must have been such as to make it reasonable for him, in the light of the circumstance and his intelligence, experience and knowledge, to accept the representation without making an independent inquiry or investigation.

J.A. 934. This instruction fully comports with the standard of justifiable reliance required to prove common law fraud and thus satisfies that element of § 523(a)(2)(A). In fact, this instruction went beyond what § 523(a)(2)(A) demands, since it required the jury also to consider

3

the reasonableness of Appellees' reliance—a factor the Court expressly rejected in *Field* when it articulated the less rigid standard of justifiable reliance. The language in the *Field* opinion describing a person's duty "to use his senses," and to take a "cursory glance," 516 U.S. at 71, does not alter the common law meaning of justifiable reliance as Appellants contend. Nor does the Court's use of that language formally graft a new requirement onto § 523(a)(2)(A).

To the extent that Appellants argue that the relevant facts were not considered in the California action, that claim, too, falls short. Appellants introduced the disclosure statements as evidence. Appellees admitted to receiving and signing those disclosures without reading them. Furthermore, the court drew the jury's attention to the disclosure statements immediately after issuing its instruction on justifiable reliance.

Appellants' argument as to fiduciary fraud is similarly unpersuasive. The jury instruction upon which that argument relies was separated from the justifiable reliance charge by twelve pages of instructions, and was unmistakably limited to the Appellants' statute of limitations defense.

Because the issue of justifiable reliance within the meaning of 11 U.S.C. § 523(a)(2)(A) was identical to the issue that was fully and fairly litigated in the California action, Appellants are collaterally estopped from relitigating whether the judgment debt was procured by fraud, and that debt is therefore non-dischargeable.

We have considered the Appellants' remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4