22-1283-cv
Yih v. Taiwan Semiconductor Mfg. Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of March, two thousand twenty-three.

PRESENT:
> **DENNIS JACOBS,**
> **MICHAEL H. PARK,**
> **WILLIAM J. NARDINI,**
> *Circuit Judges.*

---

JihShyr Yih,

*Plaintiff-Appellant*,

v.                                                                          **22-1283**

Taiwan Semiconductor Manufacturing Company, LTD,

*Defendant-Appellee*.

---

FOR PLAINTIFF-APPELLANT:              JihShyr Yih, pro se, Yorktown Heights, NY.

FOR DEFENDANT-APPELLEE:              Jessica Kastin, Rajeev Muttreja, Jones Day, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

JihShyr Yih, proceeding pro se, appeals the district court's dismissal of his complaint against Taiwan Semiconductor Manufacturing Company ("TSMC"), in which he alleged that TSMC engaged in discrimination by refusing to hire him. This is Yih's third lawsuit arising out of the same alleged misconduct.[1] He filed one of his earlier suits in the United States District Court for the Southern District of New York, which dismissed it for lack of personal jurisdiction. The district court in this case granted TSMC's motion to dismiss because Yih was collaterally estopped from relitigating personal jurisdiction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's dismissal of an action for want of personal jurisdiction de novo." *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 342 (2d Cir. 2018). "[F]ederal diversity judgments should be accorded the same preclusive effect that would be applied by state courts in the state in which the federal diversity court sits." *Plymouth Venture Partners, II, L.P. v. GTR Source, LLC*, 988 F.3d 634, 642 (2d Cir. 2021). Yih's first lawsuit in the Southern District of New York was based on diversity jurisdiction, *see JihShyr Yih*, 2019 WL 2578306, at *4, so New

---

[1] *See JihShyr Yih v. Taiwan Semiconductor Mfg. Co.*, No. 18-cv-3844, 2019 WL 2578306 (S.D.N.Y. June 24, 2019), *aff'd*, 815 F. App'x 571 (2d Cir. 2020); *Yih v. Taiwan Semiconductor Mfg. Co.*, No. 5:20-cv-04184, 2020 WL 6290377 (N.D. Cal. Oct. 27, 2020), *aff'd*, 857 F. App'x 318 (9th Cir. 2021).

York preclusion law applies here.

"Under New York law, collateral estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." *Plymouth Venture Partners*, 988 F.3d at 642 (quoting *Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006)).

The district court correctly decided that Yih is collaterally estopped from relitigating personal jurisdiction. First, Yih actually litigated the issue of personal jurisdiction, and the district court decided it against him in the prior action. *See Jihshyr Yih*, 2019 WL 2578306, at *4–*8. The same issue—*i.e.*, whether the court has personal jurisdiction over TSMC—is now "decisive of the present action." *Plymouth Venture Partners*, 988 F.3d at 642; *see also Bobby v. Bies*, 556 U.S. 825, 835 (2009) ("A determination ranks as necessary or essential . . . when the final outcome hinges on it.").

Second, Yih fails to carry his "burden of showing that he . . . did not have a full and fair opportunity to adjudicate" personal jurisdiction in the previous lawsuit. *Khandhar v. Elfenbein*, 943 F.2d 244, 247 (2d Cir. 1991). Yih does not suggest that the prior action was anything other than full and fair. Yih was able to litigate the jurisdictional issue before both the district court and this Court. *See Yih*, 815 F. App'x at 573–75 (addressing Yih's arguments for the court's personal jurisdiction over TSMC).

Yih nevertheless argues that collateral estoppel should not apply here because the personal jurisdiction question presented in this case is different from the one presented in the prior action. Collateral estoppel may not apply "[i]f significant new evidence is uncovered subsequent to the

3

proceeding said to result in an estoppel." *Khandhar*, 943 F.2d at 249. Yih alleges that TSMC has employees in New York, does business with IBM in New York, and uses a facility at the State University of New York at Albany. But Yih does not show the "significan[ce]" of the facts he raises to personal jurisdiction nor how they are "new" such that he could not have raised or discovered them at the time of the prior action. *See id.* For example, Yih points out that TSMC had employees in New York around the time of his initial lawsuit, as indicated on LinkedIn. Yih does not explain why he did not raise these facts earlier. Yih fails to show that "the context and circumstances surrounding the prior litigation . . . deterred [him] from fully litigating the matter." *Conte v. Justice*, 996 F.2d 1398, 1401 (2d Cir. 1993).

The district court thus correctly determined that Yih was collaterally estopped from relitigating personal jurisdiction over TSMC. We have considered all of Yih's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4