Dana D'ANDREA, Plaintiff,

v.

Sgt. Edward G. HULTON, Corrections Mark P. Drews, Corrections Officer Richard Lata, Corrections Officer Jeffrey Sekuterski, G. Patterson, L.P.N., Deforest Tenico, L.P.N., R. Muller, L.P.N., and Ronald Moscicki in their individual and official capacities as Corrections Officers, and/or as Personnel employed by the New York State Department of Corrections, Defendants.

No. 98–CV–523A.

United States District Court, W.D. New York.

Nov. 8, 1999.

Andrew F. Plasse, New York City, for plaintiff.

William Lonergan, Office of State Attorney General, Buffalo, NY, for defendants.

## ORDER

ARCARA, District Judge.

This case was referred to Magistrate Judge Carol E. Heckman pursuant to 28 U.S.C. § 636(b)(1). On August 12, 1999, defendants filed a motion for motion for summary judgment. On November 8, 1999, Magistrate Judge Heckman filed a Report and Recommendation, recommending that defendants' motion for summary judgment be granted and the case dismissed.

Plaintiff filed objections to the Report and Recommendation on November 29, 1999.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. Upon a *de novo* review of the Report and Recommendation, and after reviewing the submissions and hearing argument from the parties, the Court adopts the proposed findings of the Report and Recommendation.

Accordingly, for the reasons set forth in Magistrate Judge Heckman's Report and Recommendation, defendants' motion for summary judgment is granted and the case dismissed.

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION AND ORDER

HECKMAN, United States Magistrate Judge.

This case has been referred to the undersigned by Hon. Richard J. Arcara for all pretrial matters and to hear and report on dispositive motions, in accordance with 28 U.S.C. § 636(b). Defendants have filed a motion for summary judgment on the ground that plaintiff is barred from relitigating his claims under the doctrine of collateral estoppel. For the following reasons, defendants' motion should be granted. Plaintiff's counsel's motion for admission *pro hac vice* is granted.

## BACKGROUND

On August 5, 1997, plaintiff brought this action in United States District Court for the Southern District of New York, seeking $10,000,000.00 in damages against employees of the New York State Department of Correctional Services ("D.O.C.S.") for civil rights violations based on an incident alleged to have taken place at the Lakeview Shock Incarceration Facility in Brocton, New York (*see* Item 1). The case was transferred to this court pursuant to 28 U.S.C. § 1404(a) by order of Hon. Kimba Wood dated August 4, 1998 (Item 14).

Plaintiff claims that on August 6, 1994 he was assaulted at the Lakeview facility by Sergeant Hulton and Officers Drews and Lata, while Officer Sekuterski watched. Plaintiff claims to have sustained severe personal injuries as a result of the assault, "necessitating a laminectomy in March 1995" (Item 1, ¶ 14). He also claims that Nurses Patterson, Tenico and Muller altered his medical records to cover up the incident, and that Superintendent Moscicki permitted a pattern and policy of unreasonable use of force by corrections officers at Lakeview.

On April 24, 1995, plaintiff filed a claim for damages in the New York State Court of Claims based on the August 6, 1994 incident. On May 2, after a trial on liability, Court of Claims Judge John P. Lane granted defendants' motion to dismiss the claim for failure to establish a cause of action in negligence by a preponderance of the evidence (*see* Appendix to Item 8). Judge Lane specifically rejected plaintiff's claims that the corrections officers "testified falsely in order to cover up their use of unlawful force . . . ," and "that the medical records indicating that his back problems preceded his entry into State custody had been altered as a part of the cover-up" (*id.*, p. 9). According to Judge Lane, the preponderance of the credible evidence presented at trial showed that the officers carefully followed D.O.C.S. routine, and

that the medical records were not altered in any way. Judge Lane also rejected plaintiff's testimony based on his "demeanor as a witness, contradictions in his testimony and his criminal record ..." (*id.*, p. 10). Judge Lane's decision was unanimously affirmed by the Appellate Division, Fourth Department, without opinion. *D'Andrea v. State*, 690 N.Y.S.2d 464, 261 A.D.2d 896 (1999).

Defendants now move for summary judgment on the ground that plaintiff's federal civil rights action is barred by the doctrine of collateral estoppel. For the following reasons, it is recommended that the motion be granted.

### DISCUSSION

■■■■■ Under New York law, the doctrine of collateral estoppel (or "issue preclusion") "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same." *Ryan v. New York Telephone Co.*, 62 N.Y.2d 494, 500, 478 N.Y.S.2d 823, 467 N.E.2d 487 (1984), *quoted in Burgos v. Hopkins*, 14 F.3d 787, 792 (2d Cir.1994). There are two requirements for the application of collateral estoppel: 1) an "identity of issue which has necessarily been decided in the prior action and is decisive of the present action," and 2) the party against whom application of collateral estoppel is sought must have had "a full and fair opportunity to contest the decision now said to be controlling." *Burgos v. Hopkins, supra* (*quoting Schwartz v. Public Administrator*, 24 N.Y.2d 65, 71, 298 N.Y.S.2d 955, 246 N.E.2d 725 (1969)).

■■■■■ The party seeking the benefit of collateral estoppel has the burden of showing the identity of the issues, whereas the party contesting its application has the burden of showing that he or she did not have a full and fair opportunity to litigate the claims in the prior action. *Khandhar v. Elfenbein*, 943 F.2d 244, 247 (2d Cir.

1991); *Cox v. Colgane*, 1998 WL 148424, at *5 (S.D.N.Y. March 27, 1998). Identity of issue requires a showing that the issue to be decided in the second action is material to the first action or proceeding and essential to the decision rendered therein, and that it is the point actually to be determined in the second action or proceeding such that "a different judgment in the second would destroy or impair rights or interests established by the first." *Schuylkill Fuel Corp. v. B. & C. Nieberg Realty Corp.*, 250 N.Y. 304, 307, 165 N.E. 456 (1929), *quoted in Ryan v. New York Telephone Co., supra*, 62 N.Y.2d at 500–01, 478 N.Y.S.2d 823, 467 N.E.2d 487. A determination whether the first action or proceeding genuinely provided a full and fair opportunity to litigate requires consideration of the following specific factors:

> the nature of the forum and the importance of the claim in the prior litigation, the incentive and initiative to litigate and the actual extent of litigation, the competence and expertise of counsel, the availability of new evidence, the differences in the applicable law and the foreseeability of future litigation.

*Ryan, supra* at 501, 478 N.Y.S.2d 823, 467 N.E.2d 487.

■■■■■ Upon consideration of these factors in this case, I find that the doctrine of collateral estoppel precludes plaintiff from relitigating in federal court the claims set forth in his complaint. The issues actually to be determined in this case—whether plaintiff was assaulted on August 6, 1994, and whether his medical records were altered to cover up the assault—have already been decided by Judge Lane in defendants' favor after trial on the merits in the New York Court of Claims. Those issues are material and essential to the issues in both litigations, such that a judgment in favor of plaintiff in this action on either his excessive force or conspiracy claims would impair the judgment entered in favor of defendants in the first action.

Plaintiff contends that issue preclusion does not apply here because the federal claims raised in this action could not have been raised in the Court of Claims. However, as the New York Court of Appeals made clear in its decision in *Ryan v. New York Telephone Co.*, when determining whether issue preclusion applies, "[w]hat is controlling is the identity of the issue which has necessarily been decided in the prior action or proceeding ..." not the way the cause of action is framed, the nature of the relief sought, or the availability of the relief in the prior forum. *Ryan v. New York Telephone Co., supra,* 62 N.Y.2d at 500, 478 N.Y.S.2d 823, 467 N.E.2d 487. Rather, in assessing identicality, the court must determine whether the material, dispositive issues raised in the action before it were necessarily resolved by the prior action. *Id.* at 502–03, 478 N.Y.S.2d 823, 467 N.E.2d 487; *see also Wright v.. Coughlin,* 1987 WL 19633, at *2 (S.D.N.Y.1987) (New York Court of Claims decision given collateral estoppel effect in subsequent federal civil rights action, even though claim was not barred by *res judicata* principles since plaintiff could not have litigated civil rights claim against individual corrections officers in Court of Claims), *aff'd,* 868 F.2d 1268 (2d Cir.1988) (Table).

■ The central issues raised by plaintiff in this federal civil rights action are whether the corrections officers applied excessive force during the August 6, 1994 incident, and whether the officers conspired with the other defendants to cover up their use of excessive force. The core inquiry for the court in assessing an inmate's claim that prison officials used excessive force is "whether force was applied in a good-faith effort to maintain or restore prison discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian,* 503 U.S. 1, 6, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). An inmate claiming that prison officials subjected him to cruel and unusual punishment by the use of excessive force has the burden of establishing both an objective and a subjective component. *Romano v. Howarth,* 998 F.2d 101, 105 (2d Cir.1993). Objectively, the plaintiff must establish that the deprivation alleged is sufficiently serious or harmful enough to reach constitutional dimensions. *Id.; see also Wilson v. Seiter,* 501 U.S. 294, 297, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The objective components of a claim may include allegations of the type and extent of the force used, the nature and seriousness of any injury that may have occurred, and other objective indicia of the "excessiveness" of the force. *See Branham v. Meachum,* 77 F.3d 626, 630 (2d Cir.1996); *Mitchell v. Keane,* 974 F.Supp. 332, 340 (S.D.N.Y.1997), *aff'd,* 175 F.3d 1008 (2d Cir.1999) (Table; text at 1999 WL 159896).

■ The subjective component relates to whether the defendant possessed a "wanton" state of mind while applying force. *Branham v. Meachum, supra,* 77 F.3d at 630. To determine whether the defendants acted wantonly or maliciously, the trier of fact should consider the following factors: the extent of the plaintiff's injuries, the need for the application of force, the correlation between the need for force and the amount of force used, the threat reasonably perceived by the defendants, and any efforts made by the defendants to temper the severity of a forceful response. *Whitley v. Albers,* 475 U.S. 312, 321, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). As stated by the Second Circuit:

> If an evaluation of these factors leads the [trier of fact] to conclude that the defendants acted maliciously, wantonness has been established. And an Eighth Amendment violation has occurred. If, on the other hand, reflection upon these factors leads the [trier of fact] to find that the defendants acted in a good-faith effort to maintain and restore discipline, no constitutional violation has occurred because the subjective component of the claim has not been satisfied.

*Romano v. Howarth, supra,* 998 F.2d at 105.

In addition, in order to establish a conspiracy claim under 42 U.S.C. § 1983,[1] plaintiff must show that defendants "acted in a willful manner, culminating in an agreement ... that violated plaintiff's rights, privileges, or immunities secured by the Constitution." *Duff v. Coughlin*, 794 F.Supp. 521, 525 (S.D.N.Y.1992) (quoting *Katz v. Morgenthau*, 709 F.Supp. 1219, 1231 (S.D.N.Y.1989), *aff'd in relevant part*, 892 F.2d 20 (2d Cir.1989)). Plaintiff must demonstrate that defendants "agreed" or "reached an understanding" to violate his constitutional rights. *Duff, supra*, 794 F.Supp. at 525; *see also Ahlers v. Carrillo*, 1997 WL 167049, at *4 (S.D.N.Y. April 9, 1997).

A careful review of Judge Lane's decision shows that the material, dispositive issues raised by these claims were necessarily resolved by the prior trial on the merits in the Court of Claims. As the trier of fact, Judge Lane engaged in a thorough review of the evidence presented during trial. Judge Lane found that the injuries alleged by plaintiff to have resulted from the August 6, 1994 incident actually preceded plaintiff's entry into state custody. Judge Lane also concluded that the medical records had not been altered in any way, and that the documentary evidence was consistent with the officers' testimony regarding the incident. In short, the preponderance of the evidence established that no unnecessary force was used during the incident, and that plaintiff's medical records had not been altered.

This result finds support in other cases decided within the Second Circuit. For example, in *Wright v. Coughlin, supra*, a *pro se* inmate commenced a civil rights action in federal court based on the same issues—assault by correction officers and loss of property—which the inmate had previously litigated in the New York Court of Claims. The state judge issued a decision finding that the inmate had failed to establish "by the fair preponderance of the evidence" either assault or loss of property. The district court dismissed the federal action on collateral estoppel grounds, and the Second Circuit affirmed. In assessing whether the same issues which were decided in the prior Court of Claims action were decisive of the issues raised in the federal action, the district court stated as follows:

> Although the Court of Claims never considered the action as a civil rights issue, nor as one against the individual officers, the Court of Claims did conclusively resolve the same set of facts on which both claims exist. Whether or not the claim is characterized as negligence or as a violation of civil rights, the issues are the same—did the officers assault [the plaintiff] and may [the plaintiff] recover for the alleged property loss? These issues were decided by the Court of Claims and are dispositive of the action before us today. The Court of Claims determined that the evidence was insufficient to prove that an assault had occurred and that no award could be made for property loss.

*Wright v. Coughlin, supra*, 1987 WL 19633, at *2; *see also Ramsey v. Busch*, 19 F.Supp.2d 73, 82–88 (W.D.N.Y.1998) (Foschio, M.J.; applying principles of *res judicata* to find federal § 1983 action for damages based on assault barred by prior successful N.Y. Court of Claims negligence action); *Cox v. Colgane, supra*, 1998 WL 148424, at *5 (collateral estoppel barred relitigation in federal § 1983 action of correction officers' liability based on actions which had been characterized as negligent in prior Court of Claims action); *Arce v. Scully*, 1998 WL 103181, at *2 (S.D.N.Y. March 9, 1998) (*res judicata* barred feder-

---

**1.** Plaintiff also alleges conspiracy in violation of 42 U.S.C. § 1985 (*see* Item 1, ¶ 35). However, the complaint contains no allegations of "racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action ..." necessary to sustain a claim under § 1985. *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *Gagliardi v. Village of Pawling*, 18 F.3d 188, 194 (2d Cir.1994); *Hameed v. Pundt*, 964 F.Supp. 836, 839 (S.D.N.Y.1997).

al § 1983 action brought subsequent to Court of Claims action); *McChesney v. Colfield,* 1989 WL 49375, *1 (S.D.N.Y. May 3, 1989) (had Court of Claims action been dismissed on the merits, subsequent federal § 1983 action would have been barred by *res judicata* ).

Similarly, the issues decided by Judge Lane after a full trial on the merits in the Court of Claims are the same issues to be determined by the trier of fact in this federal civil rights action—did the officers assault plaintiff, and were plaintiff's medical records altered to cover up the assault? Judge Lane's findings, based on the preponderance of the credible evidence presented at trial, are dispositive of the issues to be determined in this action such that a different judgment in this case would destroy or impair rights or interests already established on behalf of the defendants in the prior action. Therefore, I find that defendants have met their burden of establishing the identity of the issues.

The only remaining question is whether plaintiff had a full and fair opportunity to litigate the claims in the prior action. Plaintiff was represented by counsel at the Court of Claims and at the Fourth Department, and there is nothing in the record to suggest that the case was not competently and aggressively pursued through the state courts. No new evidence has been presented. As to the foreseeability of future litigation, plaintiff's counsel specifically advised this court during a telephone conference on December 15, 1998 that the Fourth Department's decision would be dispositive of plaintiff's federal claims.

Based on this analysis, I find that the claims raised by this action have necessarily been decided by Judge Lane's decision in the prior action in the New York Court of Claims, and that plaintiff had a full and fair opportunity to contest the decision. Accordingly, the claims are barred by the principles of collateral estoppel.

### CONCLUSION

For the foregoing reasons, it is recommended that defendants' motion for summary judgment (**Item 20**) be granted, and the case dismissed.

The application of Andrew F. Plasse, Esq. for admission to this court *pro hac vice* (**Item 23**) is GRANTED, subject to payment of applicable admission fees in accordance with Rule 83.1(I) of the Local Rules of Civil Procedure for the Western District of New York.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED,** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. *See, e.g., Paterson–Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.,* 840 F.2d 985 (1st Cir.1988).

*Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wesolek, et al. v. Canadair Ltd., et al.,* 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." *Failure*

*to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection .*

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**SO ORDERED.**