Harold J. SHELL, Plaintiff,

v.

Correction Officer Kevin V. BRUN,
et al., Defendants.

No. 00–CV–6152L.

United States District Court,
W.D. New York.

March 31, 2005.

Harold J. Shell, Elmira, NY, pro se.

Gary M. Levine, Esq., NYS Attorney General's Office Department of Law, Rochester, NY, for Defendants.

## DECISION AND ORDER

LARIMER, District Judge.

## INTRODUCTION

Plaintiff, Harold J. Shell, Jr., an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging that defendants violated his constitutional rights while an inmate at Attica and Great Meadow Correctional Facilities in 1997 and 2000. In his first amended complaint, plaintiff alleges, *inter alia*, that Correctional Officers Kevin Brun, Nicholas Brzezniak, David Pirrami, and Mark Cunningham violated his Eighth Amendment rights by assaulting him without provocation on March 24, 1997 at Attica.[1]

---

**1.** Plaintiff's first amended complaint also alleges defendant Brzezniak violated his First and Eighth Amendment rights again on November 28, 2000 when he assaulted him a second time at Attica in retaliation for filing this lawsuit. Plaintiff claims that Sergeant Richard Simmons failed to take corrective action to protect him from Brzezniak prior to the November 2000 assault, and then stood by and watched the assault occur without intervening to stop it. For his last claim, plaintiff asserts that Great Meadow Correctional Facility Superintendent James Stinson violated his First Amendment right to access to court by promulgating restrictive policies at Great Meadow regarding access to legal materials. (*See* Amended and Supplemental Complaints, Dkts. ## 13, 14, and 15).

Plaintiff has moved to amend his complaint for a third time. (Dkt. # 18). Plaintiff seeks to add twelve more claims and forty-three more defendants. Although the Court's docket indicates that I previously denied that motion (*see* Dkt. entry # 20), that is not correct. Dkt. # 20 was mistakenly docketed as an Order denying both Dkt. # 16 and Dkt. # 18. However, I only denied Dkt. # 16.

I will address plaintiff's motion to amend (Dkt. # 18) in a subsequent Decision and Order.

Defendants Brzezniak, Brun, Pirrami, and Cunningham have moved for summary judgment on this claim pursuant to FED. R. CIV. P. 56 based on collateral estoppel. (Dkt.# 24). They argue that plaintiff should be estopped from relitigating this claim because plaintiff previously litigated a civil case in the New York Court of Claims regarding the events of March 24, 1997. Plaintiff brought an action for negligence against the State of New York based on the conduct of its employees (defendants Brzezniak, Brun, Pirrami, and Cunningham). After trial, judgment was entered in the State's favor.

As set forth below, I agree with defendants that plaintiff's Eighth Amendment claim stemming from the March 24, 1997 incident is barred by collateral estoppel.

## DISCUSSION

Under New York law, the doctrine of collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same," *Ryan v. New York Telephone Co.*, 62 N.Y.2d 494, 500, 478 N.Y.S.2d 823, 467 N.E.2d 487 (1984). It is well-settled that collateral estoppel may bar a plaintiff from bringing an action in federal court pursuant to 42 U.S.C. § 1983. *See Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

"There are two requirements for the application of collateral estoppel to an issue: (1) there must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and (2) there must have been a full and fair opportunity to contest the decision now said to be controlling." *Burgos v. Hopkins*, 14 F.3d 787, 792 (2d Cir.1994) (internal quotations and citations

omitted); *see also Schwartz v. Public Administrator*, 24 N.Y.2d 65, 298 N.Y.S.2d 955, 246 N.E.2d 725 (1969). The party seeking the benefit of collateral estoppel bears the burden of proving there is an identity of issue, whereas the party contesting its application bears the burden of proving that he did not have a full and fair opportunity to litigate the claims in the prior action. *Khandhar v. Elfenbein*, 943 F.2d 244, 247 (2d Cir.1991); *D'Andrea v. Hulton*, 81 F.Supp.2d 440, 443 (W.D.N.Y. 1999).

To show an identity of issue, "the issue must have been material to the first action or proceeding and essential to the decision rendered therein ... and it must be the point actually to be determined in the second action or proceeding such that a different judgment in the second would destroy or impair rights or interests established by the first." *Ryan*, 62 N.Y.2d at 500–01, 478 N.Y.S.2d 823, 467 N.E.2d 487 (internal citations omitted). To determine whether the first action provided a full and fair opportunity to litigate requires consideration of:

> the nature of the forum and the importance of the claim in the prior litigation, the incentive and initiative to litigate and the actual extent of litigation, the competence and expertise of counsel, the availability of new evidence, the differences in the applicable law and the foreseeability of future litigation.

*Ryan*, 62 N.Y.2d at 501, 478 N.Y.S.2d 823, 467 N.E.2d 487.

Applying these factors here, I find that collateral estoppel precludes plaintiff from litigating the Eighth Amendment claim related to the March 24, 1997 incident. Defendants have proven that there exists an identity of issue and plaintiff has not shown that he was denied a full and fair opportunity to litigate the issue.

In December 1997, plaintiff brought an action in the New York State Court of Claims alleging negligence against the State of New York based on the March 24, 1997 incident. (Dkt.# 27, Ex. B). After a one-day trial on liability held on November 17, 2000, the Hon. Edgar C. NeMoyer dismissed plaintiff's action. Judge NeMoyer heard testimony from plaintiff, defendant Brun, defendant Cunningham, and another correctional officer. Other evidence before Judge NeMoyer included plaintiff's written grievances, the misbehavior and incident reports, and plaintiff's medical records. (*See* Dkt. # 18, Appendix A–10). After hearing the testimony of witnesses and examining the evidence, Judge NeMoyer concluded that plaintiff's action should be dismissed. He reasoned that defendants' testimony regarding the incident was credible, that plaintiff's testimony was not worthy of belief, and that the use of force was reasonable under the circumstances. (Dkt. # 18, Appendix A–10, p. 145). Judgment was entered on January 2, 2001 in favor of defendants. (Dkt.# 27, Ex. C).

The issue that was determined at the Court of Claims—whether defendants Brun, Brzezniak, Pirrami, and Cunningham assaulted plaintiff on March 24, 1997 in an unprovoked attack in his cell—was necessarily decided by Judge NeMoyer in defendants' favor after trial. That issue is both material and essential to the issue to be decided by plaintiff's Eighth Amendment claim against Brun, Brzezniak, Pirrami, and Cunningham in the instant case—whether defendants violated plaintiff's constitutional rights by maliciously and sadistically causing physical harm to plaintiff during the March 24, 1997 incident. A judgment in favor of plaintiff on this claim, therefore, would impair the finding by Judge NeMoyer in favor of defendants that no unreasonable use of force was applied by defendants.

Numerous courts in this Circuit have held that collateral estoppel precluded an inmate's § 1983 claim against individual correctional officers based on a prior action brought against the State concerning the same underlying facts or incident. *See, e.g., D'Andrea,* 81 F.Supp.2d at 444–45 (collateral estoppel precluded § 1983 claim for excessive force against individual officers based on prior Court of Claims action against State for negligence); *Cox v. Colgane,* No. 94 Civ. 6361, 1998 WL 148424, at *5 (S.D.N.Y. Mar.27, 1998) (collateral estoppel barred relitigation in § 1983 action against correctional officers based on prior negligence action heard in the Court of Claims); *Wright v. Coughlin,* 85 Civ. 0624, 1987 WL 19633, at *2 (S.D.N.Y. Nov.5, 1987) (New York Court of Claims decision given collateral estoppel effect in subsequent federal civil rights action), *aff'd* 868 F.2d 1268 (2d Cir.1988) (Table).

I agree with the sound reasoning of these decisions that, although the nature of a common law negligence claim is different than a federal civil rights claim, and although the Court of Claims action is brought against the State and not the individual officers, there is a clear identity of issue between them warranting application of collateral estoppel. *See Cox,* 1998 WL 148424, at *5 ("That the issue was characterized as negligence on the part of the State, not as a individual violation of civil rights, does not diminish that the same underlying set of facts was necessarily decided in the initial forum"); *Wright,* 1987 WL 19633, at *2 ("Whether or not the claim is characterized as negligence or as a violation of civil rights, the issues are the same—did the officers assault plaintiff . . . ?").

I also find that plaintiff failed to show that he was not afforded a full and fair

**402**

opportunity to litigate the issue in the Court of Claims. The only argument that plaintiff advances on this point is that, in the Court of Claims action, the State "refused to disclose" relevant evidence in response to his discovery demands. (Dkt.# 43, Pl.Decl., pp. 16–17). This contention, however, is belied by the record. In that action, plaintiff moved to preclude the State from introducing evidence at trial based on the same alleged insufficient responses to his discovery demands. Plaintiff made the same arguments there that the State improperly withheld documents and that he should not have been required to pay for copies of documents. Judge NeMoyer rejected these arguments and denied plaintiff's motion, holding that "defendant has adequately responded to the claimant's demand for a bill of particulars and demand for disclosure." (Dkt. # 43, Ex. 4, at p. 116 [Nov. 29, 1999 Order of NeMoyer, J.]).[2]

Although not addressed by plaintiff, I find that the other factors weigh in favor of finding that plaintiff had a full opportunity to litigate his claims before Judge NeMoyer. The nature of the forum and the importance of the claim in the prior litigation, the incentive and initiative to litigate, and the actual extent of litigation, weigh in favor of applying collateral estoppel. *Cox,* 1998 WL 148424, at *7 ("The prior action was adjudicated in a formal proceeding, with the presentation of testimony and evidence. In as much as the Court of Claims had the power to award damages, Plaintiff had an incentive to litigate vigorously.").

The only factor that warranted further consideration is "the competence and expertise of counsel." Plaintiff proceeded *pro se* at the Court of Claims. Nevertheless, I find that this fact is not reason enough to allow plaintiff a second bite of the apple in federal court. *See Wright,* 1987 WL 19633, at *2 ("The mere fact that the plaintiff proceeded *pro se* does not sufficiently establish that he was denied a full and fair opportunity to be heard."); *see also Cox,* 1998 WL 148424, at *7. After reviewing the record from the Court of Claims, including the trial transcript, it is clear that plaintiff competently litigated the action there. He made thorough discovery demands, filed pre-trial motions, marked and admitted exhibits during trial, and conducted well-reasoned cross-examinations of the witnesses regarding, *inter alia,* statements made in their written reports. In addition, Judge NeMoyer assisted plaintiff at various points during the proceeding. (*See* Dkt. # 18, Appendix A–10; Dkt. # 43, Ex. 3). There is no credible argument, therefore, that plaintiff's *pro se* status impeded his ability to litigate the issues. *See Cox,* 1998 WL 148424, at *6–*7.

For these reasons, the doctrine of collateral estoppel precludes plaintiff from relitigating his claim based on the defendants' actions on March 24, 1997.

**CONCLUSION**

Defendants Brun, Brzezniak, Pirrami, and Cunningham's motion for summary

**2.** Plaintiff also maintains that defendants perjured themselves in the Court of Claims action, but he does not explain how this deprived him of the opportunity to litigate the issue. Plaintiff sets forth in extraordinary detail fifteen pages of alleged inconsistencies between the testimony of Brun, Pirrami, and Cunningham at the Court of Claims, and their respective statements at the disciplinary hearing and in their incident reports. (Dkt. # 43, Pl.Decl., pp. 16–34). But plaintiff does not contend that he was prevented from making these arguments to Judge NeMoyer during that action. In fact, the trial transcript shows that he cross-examined these witnesses about some of the same inconsistencies he cites here.

judgment (Dkt.# 24) is granted, and plaintiff's Eighth Amendment claim based on the March 24, 1997 incident is dismissed, with prejudice.

IT IS SO ORDERED.